WAGGONER, Respondent, v. E. B. NORTHRUP COMPANY, Appellant

(278 N. W. 542)

(File No. 8082. Opinion filed March 29, 1938.)

T. R. *Johnson*, of Sioux Falls, for Appellant.

. B. O. *Stordahl* and R. C. *Riter*, both of Sioux Falls, for Respondent. .

WARREN, J. This is an action for damages for personal injuries allegedly sustained by plaintiff while on the property of defendant, and caused by the negligent maintenance of said property by defendant. The defendant interposed a demurrer that there was a defect of parties defendant, and that the complaint did not state facts sufficient to constitute a cause of action. From an order overruling said demurrer, defendant has appealed.

The complaint consists of six paragraphs. With the first two we are not concerned. In the third paragraph, plaintiff alleges that defendant is the owner of certain buildings and places of business, and that they were rented to and occupied by three separate and distinct tenants. In the fourth paragraph, plaintiff charges that for the convenience of said tenants, the owner of said building maintained a common hallway at the rear of said building and that it was necessary for occupants of said building to travel said hallway in entering from the rear. Also, that the tenants did not have exclusive use of the hallway, and that it was not rented to said tenants but maintained for their joint accommodation. ·

To a better understanding of the complaint, the fifth paragraph and so much of the sixth as we are concerned with is as follows:

"Fifth. That at all of the time herein mentioned the defendant maintained and kept within said hallway a trapdoor which when open permitted entrance to the basement under said buildings; that said owner carelessly and negligently failed to keep or maintain any lighting device of any kind within said hallway, and the same was dark so that it was difficult and during the night time impos-

sible to see within said hallway, and said hallway with the trap door open was extremely dangerous to persons in and along said hallway.

"Sixth. That on the 12th day of March, 1937, said hallway was kept and maintained in the manner hereinbefore set forth, and the plaintiff while lawfully leaving said building through the rear door, without any negligence or fault upon his part, and while said trap door was open, stepped and fell into the said opening and basement, * * *"

In the argument in this court, appellant has failed to argue the first proposition of the demurrer, that there is a defect of parties defendant. He relies completely on the second ground in his demurrer, that the complaint does not state facts sufficient to constitute a cause of action.

■ The complaint is silent as to the respondent's status. An examination does not disclose whether the respondent was a tenant, guest, invitee, or licensee, and there is nothing alleged which shows how respondent happened to be in the building. In the sixth paragraph, we find some language, "* * * and the plaintiff while lawfully leaving said building through the rear door, * * *" which shows that respondent was in fact in the building. The words, "* * * lawfully leaving said building, * * *" for the purpose of construing the complaint, may inferentially at least be said to be equivalent to being lawfully in said building. According the respondent the status of a licensee, we find that some authorities have held that an allegation in a complaint, "* * * was lawfully upon the premises, * * *" means that the respondent was merely upon the premises as a licensee. Land v. Fitzgerald, 68 N. J. L. 28, 52 A. 229, 230.

■ Testing respondent's complaint, when demurred to for the sufficiency of the statement of facts to constitute a cause of action, we find the following pertinent language in Brinkmeyer v. United Iron & Metal Co., Inc., 168 Md. 149, 177 A. 171, 172: "And the decisions in those cases have declared the familiar principle that permission or license gives leave only to take the property as the visitors find it, and that the owner or occupant undertakes no duty to those visitors who come for their own pleasure or convenience, and not at his invitation or upon inducement, ex-

press or implied, from a common advantage, except that, being aware of their presence, he must not injure them willfully or entrap them. 'A licensee must take the property as he finds it, and is entitled only not to be led into danger by "something like fraud."' Pollock, Torts (11th Ed.) 544. 'He who is receiving the gratuitous favors of another has no such relation to him, it is said, as to create a duty to make safe or better than it happens to be, the place where the hospitality is tendered. The licensee must take the premises as he finds them. At most, he can claim only that the licensor shall abstain from entrapping him to his harm; shall not create new and undisclosed sources of danger without warning him of the change in situation.' Burdick, Law of Torts (4th Ed.) 548. And whatever differences there may be between the legal positions of trespassers and persons present by permission, to this extent they are the same; the rule stated applies to both."

The Supreme Court of Massachusetts, in dealing with the status of a licensee, in Alessi v. Fitzgerald, 217 Mass. 576, 105 N. E. 437, 438 L. R. A. 1916F, 1135, said: "The purpose of the visit doubtless was lawful, yet no implied invitation having been extended by the defendant for strangers to use the premises, she was a bare licensee to whom he owed no duty to furnish a properly constructed stairway, or a sufficiently lighted hall. Plummer v Dill, 156 Mass. 426, 31 N. E. 128, 32 Am. St. Rep. 463; McCarvell v. Sawyer, 173 Mass. 540, 54 N. E. 259, 73 Am. St. Rep. 318; Faxon v. Butler 206 Mass. 500, 92 N. E. 707, 138 Am. St. Rep. 405, 19 Ann. Cas. 666."

See, also, Cooley on Torts, 4th Ed., ch. 19, § 440; notes in 25 A. L. R. 1290; 39 A. L. R. 299; 58 A. L. R. 1415; and 75 A. L. R. 161.

Under the requirements of the rules of pleading, a complaint should state sufficient facts to show to the court that a good cause of action actually exists, and if such allegations go no further than to show that such a cause of action might exist, the pleading is insufficient. 49 C. J. 136, § 141, sub. 2. The complaint, in the instant case, containing no allegation of any act of a willful nature on the part of the defendant, shows no violation of the duty owed to a licensee. The demurrer should therefore have been sustained.

The order appealed from is reversed.

ROBERTS, P.J., and POLLEY and RUDOLPH, JJ., concur.

SMITH, J., dissents.