Sam HOUTCHENS et ux., Appellants,

v.

KYLE'S GROCERY CORPORATION,
Appellee.

No. 3973.

Court of Civil Appeals of Texas.
Eastland.

April 23, 1965.

Rehearing Denied May 21, 1965.

Warren Burnett and Robert D. Pue, Odessa, for appellants.

Key, Carr & Clark, Lubbock, Hackney & Crawford, Brownfield, for appellee.

COLLINGS, Justice.

Sam Houtchens and wife Bertha Houtchens brought suit against Kyle's Grocery Corporation for damages alleged to have been sustained when Mrs. Houtchens slipped on a potato sprout in front of a potato bin in defendant's grocery store in Brownfield, Texas, and was thrown against a meat counter and thereby suffered a fractured pelvis and ruptured spinal disc. The trial court granted defendant's motion for summary judgment and Mr. and Mrs. Houtchens have appealed.

Appellants present one point in which they contend that the court erred in granting summary judgment against them; that there was evidence which when considered in the light most favorable to them raised material issues of fact and from which it might be reasonably concluded that appellee failed to discharge its duty of ordinary care to Mrs. Houtchens and that such negligence was a proximate cause of her injury.

In Smith v. Bolin, 153 Tex. 486, 271 S.W. 2d 93, 94, (Sup.Ct.) it is stated that:

"In determining the question of whether or not material issues of fact were

raised by the evidence, the court must, under the law, first view all the evidence in the light most favorable to the petitioners; disregard the conflicts in the testimony; and indulge, in favor of the petitioners, every intendment reasonably deducible from the evidence. White v. White, 141 Tex. 328, 172 S.W. 2d 295; Fitz-Gerald v. Hull, 150 Tex. 39, 237 S.W.2d 256. A summary judgment is not proper if the evidence raises issues of fact to be determined by a court or jury."

In appellee's motion for summary judgment it was alleged that the pleadings, depositions and supporting affidavit showed that there was no genuine issue as to any material fact and that appellee was, therefore, entitled to a summary judgment in its favor. The material facts as shown by the record are in substance as follows:

Mrs. Houtchens stated in her deposition that she entered appellee's store late in the afternoon on Wednesday, February 28, 1962; that as she was walking down one of the isles in the store she slipped on a potato sprout near the potato bin and fell; that she did not see any potato sprouts on the floor on that day prior to her fall, but that she had been in the store the previous day and saw several sacks of potatoes; that the eyes on such potatoes had grown to an extent that the sprouts were sticking out all over the sacks. Mrs. Houtchens stated that after she fell she saw Donald Brown, an employee of appellee, pick up some sprouts off the floor but she didn't know how many; that he showed the sprouts to her and stated: "That damned nigger didn't clean up after moving the potatoes." Appellee's employee, Brown, testified by affidavit stating that he saw Mrs. Houtchens slip and went to help her. He stated that he found potato sprouts on the floor where Mrs. Houtchens had slipped. He said, however, that he did not see any potato sprouts on the floor before Mrs. Houtchens slipped; that he had no knowledge of any potato sprouts being on the floor prior to or at the time Mrs. Houtchens

slipped; that he had no knowledge of how the potato sprouts came to be on the floor prior to or at that time, and that he had no knowledge as to how long the potato sprouts had been on the floor prior to the time of the accident; that the first knowledge he had of the potato sprouts being on the floor was after Mrs. Houtchens had slipped. He further stated that he had no knowledge that anyone had failed to clean up the sprouts. He admitted that he had made some statement to Mrs. Houtchens about someone not cleaning up the potato sprouts at the time of the accident but that such statement was merely a supposition on his part. Ernie Davis, a colored employee of appellee, on the occasion in question, also testified by deposition. He was responsible for cleaning the store, did some "stocking" when necessary and "eyed" the potatoes or removed sprouts from them; that he was the only person who removed sprouts from the potatoes; that he swept every isle of the store the first thing each morning and an average of five times each day; that on Monday and Friday afternoons, when he removed the potatoes from the bin to "eye" them, he swept around the bin; that he also spot swept between the times of regular sweeping if something was on the floor; that the only times he cleaned the potatoes and removed the sprouts was on Mondays and Fridays; that he accomplished this task by removing the potatoes from the bin, taking them back, sweeping around the rack, cleaning and replacing the potatoes and then sweeping around the bins again. He stated that he did not remove the potatoes to "eye" them on the day that Mrs. Houtchens fell or the day before; that he always did this work on Mondays and Fridays and that the accident occurred on Wednesday.

■ In H. E. Butt Grocery Co. v. Johnson, 226 S.W.2d 501, (San Antonio Civil Appeals, 1949) the essential requirements to show liability in "slip and fall" cases is stated as follows:

"1. That the defendant put the foreign substance upon the floor, or,

"2. That the defendant knew the foreign substance was on the floor and wilfully or negligently failed to remove it, or

"3. That the foreign substance had been upon the floor for such a period of time that it would have been discovered and removed by the defendant, had the defendant exercised ordinary care."

■ It is our opinion that in the instant case there is no showing that appellee placed the potato sprouts upon the floor, or had knowledge that the sprouts were on the floor and wilfully and negligently failed to remove them, or that such sprouts had been upon the floor for such a period of time that they would have been discovered and removed if appellee had exercised ordinary care. Appellants' contention that there was evidence tending to show that appellee put the potato sprouts upon the floor is apparently based upon the uncontradicted testimony that there were several sprouts on the floor, and the further uncontradicted evidence that appellee's employee Davis "eyed the potatoes"; that it was his invariable practice to load all of the potatoes in baskets and wheel them to the back of the store, to sweep the floor in the area of the bin, to eye the potatoes, to return them to the bin and again to sweep the floor in the area around the bin. The evidence falls short of showing that appellee placed the potato sprouts on the floor. As stated in Dill v. Holt's Sporting Goods Store, 323 S.W.2d 644, (Houston Civil Appeals, 1959):

■ "The mere presence of a foreign substance on a stairway of a store open for business is insufficient to warrant an inference that the defendant placed or left it there or had knowledge of its presence, or that it had been there long enough to have enabled the defendant to discover and correct it by the exercise of ordinary care."

Appellants rely upon the statement which Mrs. Houtchens' deposition testimony shows to have been made to her by Donald G. Brown immediately after the accident to the effect that "That damned nigger didn't clean up after moving the potatoes."

■ Appellants contend that the alleged statement by Brown tended to support the theory that Brown had knowledge of the presence of the sprouts on the floor prior to the time Mrs. Houtchens slipped and fell and had negligently failed to remove the sprouts. In this connection appellants rely upon H. E. Butt Grocery Co. v. Johnson, supra, in which a witness testified that shortly after the accident there involved the defendant's store manager stated "I thought that had been taken care of." Appellants also rely upon J. Weingarten Inc. v. Reagan, 366 S.W.2d 879, (Waco Civ.App.1963), where a witness stated that an employee of the defendant said: "I told the boy to remove those beans." In each of those cases it was held that the testimony concerning the statement of the employee of the store was admissible because it tended to support the theory that the defendant had prior knowledge of the dangerous condition involved. The statement by Brown in the instant case is clearly distinguishable from the testimony concerning the statement in the H. E. Butt Grocery Company case. In that case the statement by the store manager that he thought the matter had been taken care of plainly indicates that he had prior knowledge of the existence of the dangerous condition. The statement in the Weingarten case that "I told the boy to remove those beans" also shows a prior knowledge of the fact that the beans were on the floor and that the employee who was instructed to remove them had failed to do so. Such is not true of the statement by Brown that the employee Davis "didn't clean up after moving the potatoes." Brown testified that prior to the time Mrs. Houtchens slipped and fell he had not seen the sprouts on the floor and had no knowledge that they were there. There was no evidence whatever to the contrary. There was no evidence that he had seen the sprouts before the accident, that he knew they were there, or that they had been there for such a time that he should

have known of their presence. The statement by Brown that Davis "didn't clean up after moving the potatoes, considered in context was obviously the statement of an opinion, guess or conclusion, not based upon personal observation or knowledge and therefore does not constitute probative evidence to show that Brown had knowledge of the existence of the sprouts on the floor prior to the time of the accident in question.

In Volume 2, Texas Law of Evidence by McCormick and Ray at page 218, it is stated that the difference between fact and opinion "is the vaguest sort of difference in degree, and the two shade into each other by indistinguishable gradations." We recognize the correctness of this statement and the difficulty in making the distinction in some cases. In support of the judgment in the instant case we must presume that the trial court considered and held the statement by Brown to Mrs. Houtchens to be an inadmissible statement of opinion or conclusion and not a statement of fact constituting evidence of probative force. We agree with the presumed holding.

The judgment is affirmed.