Clara YOUNG and Victor Young,
Plaintiffs-Appellants,

v.

JEFFERSON HOTEL CORPORATION,
Defendant-Respondent.

No. 37270.

Missouri Court of Appeals,
St. Louis District,
Division One.

July 13, 1976.

Motion for Rehearing or Transfer
Denied Aug. 18, 1976.

Application to Transfer Denied
Oct. 12, 1976.

Robert E. Ballman, St. Louis, for plaintiffs-appellants.

Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, Joseph H. Mueller, St. Louis, for defendant-respondent.

McMILLIAN, Judge.

Plaintiffs Victor and Clara Young, husband and wife, appeal from a judgment entered on a jury verdict in favor of defendant, Jefferson Hotel Corporation, denying the wife's claim for damages for personal injuries and the husband's claim for consequential damages.

On appeal, plaintiffs assert three grounds for reversal. Two of the grounds are interrelated and deal with the court's refusal to admit certain testimony of plaintiff-wife into evidence. The remaining ground pertains to defendant's converse instruction. For reasons herein given, we hold that the court improperly and prejudicially kept from the jury relevant evidence. Consequently, we reverse and remand the case for a new trial.

On February 21, 1971, plaintiffs attended a social affair given by the Royal Scots Social Club at defendant hotel. When plaintiffs arrived at or about 10:00 P.M., that evening, before going into the ballroom, they went to the Cole's suite on the twelfth floor to leave their wraps. Going from the elevator on the twelfth floor to the Cole's suite, plaintiff saw ice cubes at different places in the hallway. After leaving their wraps in the Cole's suite, plaintiffs went to the ballroom. At 1:00 A.M., February 22, 1971, the dance broke up, and plaintiffs returned to the Cole's suite.

According to plaintiff-wife's evidence, bell-boys were rushing about the twelfth floor with ice buckets and trays, delivering to the rooms, including the Cole's suite. She further testified, that, as she and her husband were leaving the elevator, one bell-boy spilled some ice cubes when he attempted to avoid an individual in their party. She also saw ice cubes in the hallway between the elevator and the Cole's suite—"in three different spots there were fifteen or twenty ice cubes in a spot." Finally, plaintiff testified that ice and soda were ordered on at least four occasions after she had returned to the Cole's suite. "Always when they came in the room, they were in a hurry; it was a rush."

Another witness for plaintiff testified that at 3:30 A.M., a person in the suite, perhaps Cole, "called down for some ice." When the bell-boy arrived, "we had half a bucket . . . and the rest of it he had wasted outside the door." The witness said that she saw the ice cubes on the floor of the hall outside the door.

At 4:00 A.M., as plaintiff-wife was leaving the Cole's suite, she slipped and fell on some ice cubes about "two steps out of the door."

On cross-examination, defendant established from plaintiff-wife that nothing prevented her from seeing the ice on the floor as she left the Cole's suite. If she had been staring down at the floor, possibly she would have seen the ice cubes.

On redirect examination, plaintiffs' attorney asked Mrs. Young, "[W]ere you; at that

time, specifically thinking about whether or not ice was on the floor of the hallway?" The court sustained defendant's objections to the question on the grounds that the inquiry was improper redirect examination, and was both self-serving and irrelevant. Plaintiffs offer of proof indicated that Mrs. Young's answer was "No."

In a case involving invitees, a possessor of land is not liable for injuries to an invitee due to dangers which are obvious, or which are as well known to the invitee as to the possessor. *Summa v. Morgan Real Estate Co.*, 350 Mo. 205, 165 S.W.2d 390 (1942); *Stocker v. J. C. Penney*, 338 S.W.2d 339, 343 (Mo.App.1960) and Restatement of Torts, Second, § 343A(1) (1965). The basis of liability in such cases is the possessor's superior knowledge of an unreasonable risk of harm which the invitee does not know, or in the exercise of ordinary care, could not know. *Ostresh v. Ill. Term. R. Co.*, 313 S.W.2d 19 (Mo.1958) and *Stafford v. Fred Wolferman, Inc.*, 307 S.W.2d 468 (Mo.1957). Conversely, a possessor is not liable to his invitee for injuries resulting from an open, obvious condition just as well known to the invitee as to the possessor. If invitees are aware of the situation or if it is such that they could not but be conscious of it, if they were using their faculties, they cannot recover. *Summa v. Morgan Real Estate Co.,* supra.

> ". . . But such knowledge to bar recovery should be a present awareness of the defect or dangerous condition and a realization of its dangerous nature, or the condition should be of such a strikingly dangerous character that no reasonable person who had previously observed it would come into close proximity to it without recalling it to mind." *Stocker v. J. C. Penney Co.*, supra, 338 S.W.2d at 343, citing *Butler v. City of University City*, 167 S.W.2d 442 (Mo.App.1943).

Thus it can be seen that plaintiffs were required to prove "knowledge" or lack thereof of the dangerous condition existing in the hallway. The question went to this "knowledge" issue; it was both material and relevant.

While plaintiff's statement may have been in her own interests, it was not "self-serving" in a legal sense. In Missouri, a statement which is inadmissible because self-serving is one made by a party in his own interest at some time and place out of court and does not include testimony given as a witness in court. *Bernhardt v. Boeuf & Berger Mut. Ins. Co.*, 319 S.W.2d 672, 674 (Mo.App.1959). The rationale for this distinction is that in-court testimony can easily be challenged and examined by the opposing party. Plaintiff could have testified as to her state of mind immediately prior to the accident.

Next we take up defendant's claim that the question was improper rebuttal. Here, during direct examination, plaintiff's attorney did not inquire into her state of mind at the time of the accident. On cross-examination, defendant's attorney repeatedly asked plaintiff questions such as whether she had been aware of the ice earlier in the evening and whether anything would have prevented her from seeing the ice on which she fell if she had looked. Then, on redirect, plaintiff's attorney asked for the first time what she had been thinking at the time of the accident. Defendant's objection was sustained.

The purpose of redirect is to allow a witness to explain his or her lack of knowledge or appreciation and thus to restore his or her testimony. *Turner v. Caldwell*, 349 S.W.2d 493, 496 (Mo.App.1961). Redirect may be used to rebut any matter made the subject of cross-examination, *City of St. Louis v. Worthington*, 331 Mo. 182, 52 S.W.2d 1003, 1009 (1932). It may be used to rebut unfavorable *inferences* as well as particular facts. *Turner v. Caldwell*, supra, 349 S.W.2d at 496.

Since testimony apropos of plaintiff's knowledge of the condition was brought out in both direct and cross-examination, evidence as to whether plaintiff was thinking of or appreciating the condition at the time of the accident was not a new area of inquiry. Defendant's line of questioning in cross-examination was clearly an attempt to raise the inference that plaintiff either

knew of the condition or reasonably should have known of it. Therefore, on redirect examination, plaintiff should have had an opportunity to refute this adverse inference. The exclusion of this evidence was error and prejudiced plaintiff's right to present evidence on an essential element of the case.

 Plaintiff's second contention is that defendant's converse was not appropriate to the issues. The jury should not be required to find an element of the case which is not in issue. *Siedler v. Tamar Realty Co.,* 491 S.W.2d 566 (Mo.App.1973); *Ratterree v. General Motors Corp.,* 460 S.W.2d 309 (Mo.App.1970). Conceded elements may be omitted from plaintiff's verdict directing instructions. *Young v. Frozen Foods Express, Inc.,* 444 S.W.2d 35, 40 (Mo.App.1969); *Stoeppelman v. Hays-Fendler Const. Co.,* 437 S.W.2d 143, 150 (Mo. App.1968). However, defendant is entitled to submit the exact converse of plaintiff's submission. *Dell' Aria v. Bonfa,* 307 S.W.2d 479, 480 (Mo.1957); MAI 33.01 and cases cited therein.

 Here, defendant conceded causation during the trial. Yet plaintiff submitted MAI 22.03 Verdict Directing-Invitee Injured in its entirety, including the phrase on causation. Therefore, defendant was entitled to submit MAI 33.15(3) (Conversing Negligence and Causation) rather than merely MAI 33.15(1) (Conversing Failure to Use Ordinary Care). We also observe in passing that plaintiff failed to modify MAI 22.03, as provided in its Note on Use, to conform to the evidence that she had seen the condition but subsequently forgot it. Although we find no error in this respect, both parties are hereby advised of these deviations and can correct them on retrial.

Reversed and remanded for a new trial.

WEIER, P. J., and RENDLEN, J., concur.