Lennard C. STENHOLTZ, Plaintiff and Respondent,

v.

Darrell D. MODICA, Defendant and Appellant.

No. 12099.

Supreme Court of South Dakota.

Argued Oct. 5, 1977.

Decided April 6, 1978.

---

Thomas J. Farrell of Willy, Pruitt, Matthews & Jorgensen, Sioux Falls, for plaintiff and respondent.

Robert C. Heege of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendant and appellant.

DUNN, Chief Justice.

This is a personal injury action in which the plaintiff, a building contractor, alleged he was injured while working on the defendant's house as a result of the defendant's negligence in maintaining a dangerous condition and failing to warn of the danger. A jury in the Second Judicial Circuit awarded the plaintiff damages in the amount of $7,000. The defendant appeals from the trial court's judgment in favor of the plaintiff. We affirm.

The plaintiff is an independent contractor who has been in the lathing, plastering and dry walling business since 1939. In June of 1975, he agreed to restucco the defendant's house. The house had a small wooden canopy or gable which extended approximately three feet from the exterior wall. The plaintiff removed stucco for one week and then took the next week off. During the time plaintiff was away, the defendant was shingling the roof. The defendant climbed on or leaned against the canopy in the process of shingling it.

When the plaintiff returned to work on July 15, 1975, he noticed the canopy was separated from the side of the house several inches. He testified that he was concerned about the safety of the canopy and twice asked the defendant about it. The defendant, after looking at the canopy, said it was "'all right'" and also said, "'I have been up and shingled it. It's plenty safe.'"

On the afternoon of July 15, 1975, the plaintiff was working on a scaffold, which extended partially beneath the canopy. The canopy fell off·the house of its own volition and struck the scaffold, thereby causing the plaintiff to fall from the scaffold to the ground. He suffered a broken heel bone as a result of the fall. The plaintiff testified that he had not touched the canopy and that he did not in any way cause it to fall.

▮ The defendant on appeal argues that the verdict should have been directed in his favor because he owed no duty, or in the alternative, because the plaintiff assumed the risk of injury.* In determining whether the evidence on the plaintiff's behalf was sufficient to warrant submission to the jury, the plaintiff is entitled to have every controverted fact resolved in his favor and to have the benefit of all reasonable inferences that can be deduced from the evidence. The test is whether there is any substantial, credible evidence which, when viewed in the light most favorable to the plaintiff, would tend to sustain a verdict. *Parham v. Dell Rapids Township,* 1963, 80 S.D. 281, 122 N.W.2d 548; *Bunkers v. Mousel,* 1967, 83 S.D. 45, 154 N.W.2d 208. We believe there is such evidence.

▮ As a general rule, the possessor of land owes an invitee or business visitor the duty of exercising reasonable or ordinary care for his safety and is liable for the breach of such duty. *Norris v. Chicago, M. St. P. & P. R. Co.,* 1952, 74 S.D. 271, 51 N.W.2d 792; Restatement, Second, Torts, § 343. The defendant, however, relies on the exception to this general rule applied when injuries result from dangers that are "obvious, reasonably apparent, or as well known to the person injured as they are to the owner or occupant." *Norris,* supra, 74 S.D. at 274, 51 N.W.2d at 793. Restatement, Second, Torts, § 343 A (1) summarizes the exception this way:

"A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."

Comment (b) of that section states:

"The word 'known' denotes not only knowledge of the existence of the condition or activity itself, but also appreciation of the danger it involves. Thus the condition * * must not only be known to exist, but it must also be recognized that it is dangerous, and the probability and

---

* Although the defenses of contributory negligence and assumption of the risk are closely related, the defendant has briefed the assumption of the risk argument only, and we will not deal directly with the contributory negligence issue in this opinion.

gravity of the threatened harm must be appreciated. 'Obvious' means that both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment."

■ Comment (f) to § 343 A of Restatement, Second, Torts, points out that there are cases in which the possessor of land can and should anticipate that the dangerous condition will cause harm to the invitee notwithstanding its known or obvious danger. In such cases, the possessor is not relieved of the duty to the invitee and is required to warn the invitee, or take other precautions to protect him. The comment goes on to say:

"Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk. In such cases the fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk."

■ The plaintiff was aware of the condition of the canopy and expressed concern about its safety. The defendant, however, assured the plaintiff that it was safe and that he had " 'been up and shingled it.' " The determinative question is whether the plaintiff's acceptance of the defendant's assurances was so unreasonable that the issue should not have been sent to the jury. The defendant argues that a contractor with over thirty years of experience is not justified in relying on the opinion of an amateur handyman. This would be a forceful argument had the defendant done nothing but

give his opinion that the canopy was safe. He went further, however, and stated that he had " 'been up and shingled it.' " This was a statement of fact, not opinion, which the plaintiff was justified in relying upon in forming his opinion as to the canopy's safety. Since the plaintiff's reliance on the defendant's statement that he had been up and shingled the canopy was reasonable, his failure to appreciate the danger involved was not so unreasonable that it should deprive the plaintiff of recovery as a matter of law.

We believe this is a case where the possessor of the land should have anticipated that the known or obvious danger would cause harm to the invitee in spite of its obviousness. After giving assurances of safety and claiming a superior knowledge of the safety of the canopy based on having been up and shingled it, the defendant should have known that the plaintiff would proceed to work and owed a duty to the plaintiff to provide him with a safe place to work.

■ Comment (f) to § 343 A of Restatement, Second, Torts, points out that, even though a duty was owed, the fact that the danger was known or obvious is important in determining whether the invitee is to be charged with assumption of the risk, which is the next issue raised by the defendant. He argues that the plaintiff assumed the risk of injury as a matter of law and that the trial court erred in allowing the jury to determine the question. Ordinarily, questions of negligence, contributory negligence and assumption of risk are for the jury, provided there is evidence to support them. When the facts are not in dispute or of such nature that reasonable men could not differ, the standards of conduct are for the court to determine. *Bunkers v. Mousel,* 1967, 83 S.D. 45, 154 N.W.2d 208. We believe that the question of the plaintiff's assumption of the risk was one for the jury to decide.

■ Before a party may be charged with assumption of the risk, it must be established that he had knowledge of the danger involved (actual or constructive);

that he appreciated the risk therefrom; and that he voluntarily accepted said risk. *Bartlett v. Gregg,* 1958, 77 S.D. 406, 92 N.W.2d 654; *Smith v. Community Co-operative Association of Murdo,* 1973, 87 S.D. 440, 209 N.W.2d 891. Ordinarily, whether a plaintiff has assumed a risk is a determination to be made by the jury. It is only where the essential elements are conclusively established that the plaintiff may be charged with assumption of the risk as a matter of law. *Smith,* supra.

After stating the general rule concerning assumption of the risk, Prosser sets out the following exception:

"If, however, [the plaintiff] surrenders his better judgment upon an assurance that the situation is safe * * * he does not assume the risk, unless the danger is so obvious and so extreme that there can be no reasonable reliance upon the assurance." Prosser, Law of Torts, 4th Ed., § 68, p. 450.

See also *Fred Harvey Corporation v. Mateas,* 1948, 9 Cir., 170 F.2d 612.

The Missouri Supreme Court in *McConnell v. Pic-Walsh Freight Co.,* 1968, Mo., 432 S.W.2d 292, was confronted with a situation where an experienced handler of Liquified Petroleum Gas (LPG) was burned severely after relying on assurances from employees of the company that a gas tank was empty, despite his knowledge that the fuel gauge on the tank was broken and did not accurately reflect the amount of fuel in the tank. The court concluded:

"The doctrine of assumed risk ' * * * has no application where the exposure results from facts, circumstances and surroundings which constitute a real inducement to expose one's self to the danger, as where the injured person surrenders his better judgment as a result of an assurance of safety.' * * * The circumstances were such that reasonable minds might differ as to the voluntariness of plaintiff's exposure to risk." 432 S.W.2d at 298.

In a similar case, a Texas appellate court concluded that an experienced blacksmith who had relied on an assurance from an inexperienced person named Hunter that a piston he was repairing was solid was not prevented from recovering for injuries resulting when the piston exploded from the heat as a result of its being hollow. The court said:

"The statement of Hunter was a statement of present fact, to-wit, that the piston was solid, and it was not a mere expression of an opinion. Whether Hunter thought the statement to be true or false matters not. He made the positive statement and appellee relied upon it." *Heldenfels v. Montgomery,* 1941, Tex.Civ. App., 157 S.W.2d 998 at 1000–1001. (Reversed on rehearing on other grounds)

In *Brown v. Lennane,* 1908, 155 Mich. 686, 118 N.W. 581, a foreman told an employee working on a sand pile that, " ' "I was up and around there. That is perfectly safe." ' " The employee, relying on this assertion, and after being ordered to the top of the pile by the foreman, was injured when the pile of sand collapsed. When confronted with the assumption of risk question, the Michigan Supreme Court stated that the foreman's assurance was

"more than the mere expression of an opinion or than a statement apparently based upon facts equally open to plaintiff's visual observation. It was a representation that the superintendent had actually gone upon the sand pile, tested it, and found as a matter of fact that it was safe. We do not think it can be said as a matter of law that the plaintiff assumed the risk under such circumstances in obeying the orders for a reasonable time." 118 N.W.2d at 582.

In light of this authority on the question, we do not feel that the plaintiff's knowledge of the danger and his appreciation of the risk were conclusively established. He had knowledge of the defect in the canopy, but the defendant's statement that he had been up and shingled it and that it was safe caused the plaintiff to change his original belief about the dangerous nature of the canopy. It is not the knowledge of the defect that precludes a plaintiff from recovering, it is his want of

the care a prudent man would exercise in view of the danger. *Orrison v. City of Rapid City,* 1956, 76 S.D. 145, 74 N.W.2d 489. The plaintiff's conduct in placing his scaffold under the canopy was not so unreasonable that he should be denied recovery as a matter of law. The evidence shows that the plaintiff was careful not to put pressure on, or even touch, the canopy. He had to complete the job and had been assured that the canopy was strong enough to hold up under the defendant's weight. In view of this, the defendant did not conclusively establish that the plaintiff had knowledge that the canopy would fall of its own weight and that he fully appreciated the risk. The jury was instructed on the defenses of assumption of the risk and contributory negligence, and it was for the jury to weigh the evidence and make a determination of the issue.

The judgment of the lower court is affirmed.

WOLLMAN and ZASTROW and MORGAN, Justices, concur.

PORTER, Justice, dissents.

PORTER, Justice (dissenting).

I respectfully dissent and would hold that the plaintiff contractor, as a matter of law, assumed the risk. Since he was the expert and the homeowner was not, plaintiff had no right to claim reliance upon any representation the homeowner made to him concerning the safety of the canopy, when the limited observation plaintiff chose to make revealed the canopy condition was "dangerous" and "unsafe." Thereafter, in spite of his own conceded misgivings about the canopy, plaintiff voluntarily placed his scaffolding in such position that his own safety would be jeopardized if the loosened canopy fell, as it later did. Plaintiff independent contractor knowingly acquiesced in the risk by electing to go ahead with the work in the manner he did. *Bartlett v. Gregg,* 77 S.D. 406, 92 N.W.2d 654 (1958); Restatement (Second) of Torts § 496 C at 569 (1965).