CUL–CO., INC., d/b/a Tom Thumb Super Market # 47, Appellant,

v.

Lucille REDD, Appellee.

No. 18111.

Court of Civil Appeals of Texas, Fort Worth.

Feb. 8, 1979.

Rehearing Denied March 8, 1979.

Brown, Herman, Scott, Dean & Miles and Grant Liser, Fort Worth, for appellant.

Leo P. Ferris, Fort Worth, for appellee.

OPINION

HUGHES, Justice.

Trial court denied the plea of privilege of Cul-Co, Inc., doing business as Tom Thumb Super Market # 47, to be sued in Dallas County. Lucille Redd, plaintiff, had controverted. Cul-Co has appealed.

Affirmed.

Ms. Redd urged exception 9a of Tex.Rev. Civ.Stat.Ann. art. 1995 (effective August

29, 1977) alleging Cul-Co was negligent in causing her slip and fall injury. By formal admission Cul-Co admitted that the store where the alleged event occurred is in Tarrant County.

Ms. Redd was the only witness. She testified to going to store # 47 and to its produce section. There her legs went out from under her and her head hit on the floor; a boy named Chip, who Ms. Redd said was a store employee, came out of "the back room" and helped her up. She saw "a bunch of mashed grapes and water and mud on the floor."

She said: "My gosh, why don't you get that mess cleaned up before somebody gets hurt?" He said: "Well, the reason we don't clean it up is because we are having a floor man come in tonight to do the floors so we don't bother to clean the floors up on Tuesday nights." She also testified to her knee bleeding.

Cul-Co did not cross-examine Ms. Redd and presented no testimony.

Cul-Co's only point of error is that Ms. Redd failed to prove an exception to Tex. Rev.Civ.Stat.Ann. art. 1995, specifically exception 9a (effective August 29, 1977) as pled by her.

■ We must determine if Ms. Redd proved that: Cul-Co knew of the grapes, mud and water on its floor or should have known in the exercise of reasonable care and that such condition would involve an unreasonable risk to Ms. Redd or other customers; should expect customers would not discover the danger or fail to protect themselves against same; and Cul-Co failed to exercise reasonable care to protect customers against such danger. *Adam Dante Corporation v. Sharpe*, 483 S.W.2d 452 (Tex. 1972).

■ An occupier (i. e., Cul-Co) is under the further duty to exercise reasonable care in inspecting the premises to discover any latent defects, and to make safe *any* defects or to give adequate warning. 2 Restatement of Torts 2d, § 343, comment b at 216 (1965). (Emphasis ours.)

■ Mere presence of a mess on the floor is not enough to raise an inference that Cul-Co placed it there, knew of its presence or that it had been there long enough for its servants to discover and *correct* it. (Emphasis ours.) *Houtchens v. Kyle's Grocery Corporation*, 390 S.W.2d 325 (Tex.Civ.App. —Eastland 1965, writ ref'd n. r. e.).

■ In the evidence above recited it was made abundantly clear by Chip that they had no intention to *correct* the hazard by cleaning up the grapes, etc., even though he had just helped the fallen Ms. Redd from the slippery floor where she had bumped her head hard enough to attract his attention in another room. Chip's statement, which was not an opinion, guess or conclusion under *Houtchens, supra*, is an outright statement of intent or policy regarding not cleaning the floor on Tuesday nights (apparently not even the grapes, the presence of which had caused Ms. Redd to fall).

The statement by Chip, the alleged employee (appellant's brief, p. 7), who came out of a back room, wearing a badge and who assumed to speak for Cul-Co on its housekeeping procedures, did, indeed, not show personal knowledge that the grapes, etc., were on the floor before the accident. What his remarks did show was that it would not have made any difference—the hazard would have remained until the special cleaning personnel came to do the floors.

It occurs to us that the practice of leaving messes, if they occur, on the floor on certain nights for a late clean-up crew is a hazard in itself of which unwary customers should be advised. In *Dante, supra*, there was a too-small sign. In this case there was none.

■ We are required, in our consideration of an appeal from an order overruling a plea of privilege, to resolve every reasonable intendment in favor of the trial court's judgment. *James v. Drye*, 159 Tex. 321, 320 S.W.2d 319 (1959). We hold that trial court had sufficient evidence from which to infer negligence and proximate cause on Cul-Co's part. Cul-Co's only point of error is overruled.

Affirmed.