David W. UNDERBERG, Plaintiff
and Appellant,

v.

Barney W. CAIN and Barney W. Cain,
III, d/b/a Barney's Auto Salvage,
Defendants and Appellees.

No. 14220.

Supreme Court of South Dakota.

Considered on Briefs Feb. 16, 1984.

Decided May 2, 1984.

Carleton R. Hoy and Scott G. Hoy, Legal Intern of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiff and appellant.

J.G. Shultz of Woods, Fuller, Shultz & Smith, Sioux Falls, for defendants and appellees.

ANDERST, Circuit Judge.

This is an action by a licensee against a landowner for injuries suffered. The jury returned a verdict in favor of the landowner. We affirm.

Barney W. Cain and Barney W. Cain, III, (Cains) own and operate Barney's Auto Salvage. To enlarge their business area, they had excavated into the hillside on which their business was located. This left a drop-off of thirty to fifty feet. No fence or other warning was placed at the top of the excavation.

David W. Underberg (Underberg) has lived only fifty feet from the Cain property for the past eight years. At one time he had worked for the Cains in their business. For three years prior to the accident, he had ridden his snowmobile and motorcycle near the place where the accident that gave rise to the action occurred. Underberg acknowledged he was aware of the excavation.

At 8:30 p.m. on the night of November 30, 1981, Underberg was snowmobiling on the Cain property. Two or three inches of new snow had accumulated that day and the only illumination was that provided by the headlights on the snowmobile. After slowing to three or four miles per hour to make a turn, Underberg went over the embankment caused by the excavation. As a result of this accident, he suffered a shattered left shoulder and a broken left femur.

A jury returned a verdict in favor of the Cains. Underberg raises two issues on appeal: (1) That the trial court erred in instructing the jury regarding the duties of a possessor of land towards a licensee; and, (2) That the trial court erred in instructing the jury on assumption of the risk.

South Dakota follows the traditional common law categories of trespasser, licensee, and invitee in defining the duty of care owed by a possessor of land to those who enter upon his land. *Urban v. Wait's Supermarket, Inc.,* 294 N.W.2d 793 (S.D. 1980); *Stenholtz v. Modica,* 264 N.W.2d 514 (S.D.1978); *Waggoner v. E.B. Northrup Co.,* 66 S.D. 86, 278 N.W. 542 (1938). ▪ It is undisputed that Underberg was a licensee. This court has defined the duty of care owed to a licensee in terms of the principle that

> permission or license gives leave only to take the property as the visitors find it, and that the owner or occupant undertakes no duty to those visitors who come for their own pleasure or convenience, and not at his invitation or upon inducement, express or implied, from a common advantage, except that, being aware of their presence, he must not injure them willfully or entrap them.

*Waggoner, supra,* 66 S.D. at 88–89, 278 N.W.2d at 543 (quoting *Brinkmeyer v. United Iron & Metal Co., Inc.,* 168 Md.

149, 150, 177 A. 171, 172 (1935)). Underberg would have us change this rule and in its place impose upon landowners an affirmative duty to exercise due care with respect to all persons who enter upon land, regardless of their status. This we decline to do. Accordingly the trial court correctly stated the law when it gave the jury South Dakota Pattern Jury Instruction 120.02–B.*

▪ To charge a party with assumption of the risk, it must be established that he had knowledge of the danger involved; that he appreciated the risk therefrom; and that he voluntarily accepted the risk. *Myers v. Lennox Co-op Ass'n,* 307 N.W.2d 863 (S.D.1981). Ordinarily, the question of whether a party has assumed a risk is a determination to be made by the jury. *Stenholtz, supra.* Under the facts of this case, it was proper for the trial court to instruct the jury on the defense of assumption of the risk.

The judgment of the trial court is affirmed.

WOLLMAN, DUNN, and HENDERSON, JJ., and ANDERSON, Circuit Judge, concur.

ANDERST, Circuit Judge, sitting for FOSHEIM, C.J., disqualified.

ANDERSON, Circuit Judge, sitting for MORGAN, J., disqualified.

---

* When the licensee's presence on the premises of another is known to the licensor, or when the latter has good reason to expect, or, in the exercise of ordinary care ought to know, the presence of the licensee, the possessor of land is bound to exercise ordinary care to avoid injuring the licensee, except, however, that the possessor of land is under no duty to a licensee to alter or repair the premises as they existed when the licensee entered. As to all the conditions of such premises then existent, a licensee assumes the risks incident thereto.