**Richard MORTENSON, Plaintiff and Appellant,**

v.

**Mary BRALEY, Defendant and Appellee.**

**No. 14257.**

Supreme Court of South Dakota.

Considered on Briefs March 21, 1984.

Decided June 13, 1984.

---

Robert J. Burns, Sioux Falls, for plaintiff and appellant.

Carleton R. Hoy, Sioux Falls, for defendant and appellee.

MOSES, Circuit Judge.

Richard Mortenson (plaintiff) appeals the entry of a directed verdict for Mary Braley (defendant) at the close of plaintiff's case during a jury trial. We affirm.

Plaintiff was a paying roomer in defendant's house. Defendant owned an aluminum combination ladder which she kept in the garage. Because she was selling the house, she had asked the plaintiff to remove the bangboard and basketball hoop from the front of the garage.

Plaintiff brought the ladder from inside the garage, placed it on a concrete driveway and went up to inspect the basketball hoop and bangboard. After climbing down and getting some tools he went up the ladder again. As plaintiff went up the ladder, the ladder slid away from the roof. Plaintiff fell and was injured. After the accident, it was discovered that one of the rubber anti-skid footpads from one of the legs on the ladder was missing.

Plaintiff used the ladder on three prior occasions and noticed its condition. At the time of the accident he was not aware of any defects or any change in the condition of the ladder.

Defendant did not know the rubber pad was missing from the ladder. She did not assist plaintiff in any way with the ladder. She had previously used the ladder, although she had neither inspected it nor had any knowledge of any claimed defect.

During the trial to the jury on this matter, the circuit court directed a verdict for defendant, holding that plaintiff held the status of an invitee, and that defendant had no duty to plaintiff since she did not know of the dangerous defect.

Plaintiff contends that defendant owed him a duty of inspection, and further that there was ample evidence to support submission of the case to the jury for their determination.

We believe that plaintiff was an invitee on the premises and that defendant owed him that duty which an invitee has a right to expect. This court in *Stenholtz v. Modica*, 264 N.W.2d 514, 516 (S.D.1978) stated:

> As a general rule, the possessor of land owes an invitee or business visitor the duty of exercising reasonable or ordinary care for his safety and is liable for the breach of such duty.

Plaintiff argues that this rule includes the possessor's duty to exercise reasonable care to discover dangerous conditions and make them safe or give warning. Restatement, Second, Torts § 343 (1952).

■ It is obvious from all of the evidence in this matter that defendant knew nothing about the ladder and had no knowledge concerning the condition of the ladder prior to its use by plaintiff. The argument of plaintiff presumes knowledge which is absent in this case. Defendant owed to plaintiff the duty of exercising reasonable or ordinary care for his safety. This duty of care did not include the inspection of the ladder.

■ Plaintiff further urges that the tenant is owed a duty by the landlord. The duty owed is the same, whether plaintiff is either a tenant or invitee.

Since we find that there is no duty owed to plaintiff by defendant under the circumstances of this case, we need not consider the remaining issue of plaintiff.

The judgment is affirmed.

FOSHEIM, C.J., and WOLLMAN and DUNN, JJ., concur.

HENDERSON, J., dissents.

MOSES, Circuit Judge, sitting for MORGAN, J., disqualified.

HENDERSON, Justice (dissenting).

I dissent. *Stenholtz v. Modica*, 264 N.W.2d 514 (S.D.1978), which sets forth the general rule of reasonable care, is in no way dispositive of whether or not a possessor of land may have a duty to inspect. In fact, it appears this precise issue has never heretofore been addressed in this state. Therefore, my legal schooner would sail in a different direction.

The Restatement (Second) of Torts § 343 (1965) provides:

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

*See also Syas v. Nebraska Methodist Hosp. Foundation*, 209 Neb. 201, 307 N.W.2d 112 (1981); *Mundy v. Warren*, 268 N.W.2d 213 (Iowa 1978).

This duty of reasonable care is the highest duty owed to any entrant upon the land and imparts an affirmative duty to inspect the premises for unreasonably dangerous conditions. *Cul-Co., Inc. v. Redd*, 577 S.W.2d 557 (Tex.Civ.App.1979); *Crotty v. Reading Industries, Inc.*, 237 Pa.Super. 1, 345 A.2d 259 (1975); *Hanson v. Town & Country Shopping Center, Inc.*, 259 Iowa 542, 144 N.W.2d 870 (1966); *Smith v. Henger*, 148 Tex. 456, 226 S.W.2d 425 (1950). In fact, it is this duty of inspection which distinguishes the obligation of a possessor of land owed to an invitee and that owed to a mere licensee. *Crotty*, 345 A.2d 259; Restatement (Second) of Torts § 343 comment b (1965).

Further, as in other negligence actions, where the duty is invoked, imputed or constructive knowledge on the part of the defendant may be sufficient to satisfy the requirement, and lack of knowledge may be wholly immaterial. 62 Am.Jur.2d *Premises Liability* § 68 (1972).

The term "reasonable care" is not susceptible of one definition, however, and must be given meaning in relation to the circumstances. *McCormick v. Waters*, 594 S.W.2d 385 (Tenn.1980). *Crotty*, 345 A.2d 259; *Smith*, 226 S.W.2d 425. For example, the Restatement is clear that the duty does not arise when dangers are known or obvious to the invitee, unless the possessor should anticipate harm despite this obviousness. Restatement (Second) of Torts

§ 343A(1) (1965). *Young v. Jefferson Hotel Corp.*, 541 S.W.2d 32 (Mo.App.1976).

Clearly, in light of these circumstances, and by the rules just set forth, factual issues remained which should not have been taken from the jury. For example, it is for a jury to decide (1) whether by the exercise of reasonable care appellee should have discovered the danger and realized that it involved an unreasonable risk of harm; (2) whether appellee should have expected that appellant would not discover or realize the danger; and (3) whether appellee failed to exercise reasonable care or realize the danger. Further, it might be reasonably questioned whether the condition or activity was known or obvious to appellant and if appellee should have anticipated the harm despite such knowledge or obviousness.

*Stenholtz* relies on the Restatement (Second) of Torts for the general standard. I would unfurl *Stenholtz* one league further and more fully adopt the position that, under certain circumstances and conditions, the duty owed to an invitee may indeed include an obligation to inspect. Under this ruling, I would reverse the trial court's directed verdict.