**Elmer C. KRYGER, Plaintiff and Appellant,**

v.

**Sigrid P. DOKKEN, Defendant and Appellee.**

**No. 15159**

Supreme Court of South Dakota.

Considered on Briefs Feb. 11, 1986.

Decided April 16, 1986.

Jim Kessler, Brookings, for plaintiff and appellant.

George B. Boos, Milbank, for defendant and appellee.

FOSHEIM, Chief Justice.

This appeal is taken by Plaintiff Elmer C. Kryger (Appellant) from an order and judgment entered in favor of Defendant Sigrid P. Dokken (Appellee). We affirm.

The facts are essentially undisputed. On June 10, 1984, Appellee held a public auction on her property for the sale of personal property. She marked sunken areas on neighboring lots with red flags to avoid possible accidents. However, Appellant stepped through 10 to 12 inches of sod into an abandoned well on Appellee's property. As a consequence, he was injured with some anticipated permanent disability. Appellee had no knowledge of the abandoned

well although she has resided on the property for over forty years. While conceding Appellee was not negligent, Appellant alleged three alternate theories of recovery. The trial court granted a motion for summary judgment in favor of Appellee based on the pleadings, depositions and affidavits of both parties.

Appellant argues that while Appellee had no knowledge or notice of the abandoned well under our statutes governing abandoned and existing wells, SDCL ch. 46–6, she was nevertheless obliged, as an owner, to know of the danger and to take proper safety measures. We do not agree.

The abandoned well statutes are not applicable because they specifically address the duty of property owners to plug existing wells when they are abandoned or forfeited. They do not purport to provide a standard of care upon owners who have no knowledge or notice of previously abandoned wells on their property.

We next determine if SDCL § 21–10–8 [1] obligates successive owners to abate an unknown continuing nuisance as Appellant claims or whether the wrong contemplated by that statute is the creation or continuation of a nuisance which does not arise solely from ownership of the land.

As we read SDCL § 21–10–1,[2] a nuisance involves an unlawful act or omission to perform a duty. The owner of property has no duty to correct or discontinue a nuisance without knowledge of it. In *Waggoner v. Midwestern Development, Inc.*, 83 S.D. 57, 154 N.W.2d 803 (1967), we said:

One cannot be said in any manner to neglect or refuse to perform a duty unless he has knowledge or be reasonably

---

1. SDCL § 21–10–8 provides:
   Every successive owner of property who neglects to abate a continuing nuisance upon, or in the use of, such property, created by a former owner, is liable therefor in the same manner as the one who first created it.

2. SDCL § 21–10–1 provides:
   A nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission either:

(1) Annoys, injures, or endangers the comfort, repose, health, or safety of others;
(2) Offends decency;
(3) Unlawfully interferes with, obstructs, or tends to obstruct, or renders dangerous for passage, any lake or navigable river, bay, stream, canal, or basin, or any public park, square, street, or highway;
(4) In any way renders other persons insecure in life, or in the use of property.

charged with knowledge that an act or omission involves peril or harm to another.

*Id.* at 62, 154 N.W.2d at 806 (cites omitted). Since Appellee had no knowledge of the abandoned well, it cannot be said that she failed to perform a duty. While an act of omission may constitute a want of ordinary care, it must be founded on a duty of care owed by the wrongdoer to the person injured or to a class of which he is a member. *Blumhardt v. Hartung,* 283 N.W.2d 229, 232 (S.D.1979). We conclude that the liability of successive owners to abate a continuing nuisance expressed in SDCL § 21–10–8 does not arise simply from ownership of land. *See* 58 Am.Jur.2d Nuisance § 49 (1971).

■ It is also the contention of Appellant that it was not necessary to establish negligence because the abandoned well was a peril which injured a party who could not avoid the harm and, therefore, the owner should be held responsible as a matter of law under a "hidden danger" theory. Both parties cite and rely on *Werth v. Ashley Realty Co.,* 199 N.W.2d 899 (N.D.1972), in which the North Dakota Supreme Court discussed hidden perils. In our view, that decision supports the position of Appellee since the court held that the defendant must have knowledge of the defect. *Werth* discusses whether a "reasonable owner standard" should be adopted and the licensee/invitee distinction dropped as an archaic principle. *Id.* at 907. We fail to find any comfort in this argument for Appellant, however, since even under a reasonable owner standard, it cannot be said that Appellee acted unreasonably.

Appellant's position ultimately rests on a strict liability or self-insurer theory, an accommodation of which would necessitate a rule whereby an owner becomes liable when he invites the public onto his property for pecuniary gain. Such a rule would contradict the writing of Judge Roberts for this Court in *Norris v. Chicago, Milwaukee, St. Paul and Pacific Railroad Co.,* 74 S.D. 271, 51 N.W.2d 792 (1952):

He [plaintiff] was an invitee or business visitor. No citations of authority are required in support of the well established principles that the possessor of land owes an invitee or business visitor the duty of exercising reasonable or ordinary care for his safety and is liable for the breach of such duty. This, however, is the extent of the duty. The possessor of land is not an insurer as to the safe condition of the premises. It is necessary that it be established that the possessor had knowledge of the presence of the dangerous condition of his premises or that the condition existed for such a period of time as to justify the inference that he had knowledge of its existence.

*Id.* at 273, 51 N.W.2d at 793. He further wrote:

It is when the unsafe condition or attendant dangers as we have observed are known to the possessor of land and not known to the person injured that recovery is permitted.

*Id.* at 276, 51 N.W.2d at 795.

■ Since *Norris,* the principal that the owner of property is not strictly liable to invitees but rather owes them an ordinary duty of care has been repeatedly affirmed. *Stenholtz v. Modica,* 264 N.W.2d 514, 516 (S.D.1978); *see also Underberg v. Cain,* 348 N.W.2d 145 (S.D.1984), and *Mortenson v. Braley,* 349 N.W.2d 444 (S.D.1984). We decline now to deviate from this well recognized rule.

Upon review of a summary judgment, we are governed by *Wilson v. Great Northern Railway Co.,* 83 S.D. 207, 157 N.W.2d 19 (1968):

(1) The evidence must be viewed most favorable to the non-moving party; (2) The burden of proof is upon the movant to show clearly that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law; (3) Though the purpose of the rule is to secure a just, speedy and inexpensive determination of the action, it was never intended to be used as a substitute for a court trial or for a trial by jury where any genuine issue of material fact exists.

(4) A surmise that a party will not prevail upon trial is not sufficient basis to grant the motion on issues which are not shown to be sham, frivolous or so unsubstantial that it be obvious it would be futile to try them. (5) Summary judgment is an extreme remedy and should be awarded only when the truth is clear and reasonable doubts touching the existence of a genuine issue as to material fact should be resolved against the movant. (6) Where, however, no genuine issue of fact exists it is looked upon with favor and is particularly adaptable to expose sham claims and defenses.

*Id.* at 212, 157 N.W.2d at 21 (footnotes omitted). There being no material issues of fact, the trial court properly awarded a summary judgment for Appellee.

We affirm.

MORGAN and WUEST, JJ., and HERTZ, Circuit Judge acting as a Supreme Court Justice, concur.

HENDERSON, J., concurs specially.

SABERS, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.

HENDERSON, Justice (concurring specially).

To understand this case, the reader must appreciate the majority and minority opinions in *Mortenson v. Braley,* 349 N.W.2d 444 (S.D.1984).

In *Mortenson,* a rubber anti-skid footpad was missing from the ladder. It could have reasonably been inspected. Here, however, there was a foot of dirt covering the well and it could not reasonably have been inspected. Therefore, I concur in the decision of this Court, but hue to the thought content in my dissent in *Mortenson,* 349 N.W.2d at 446. *Stenholtz v. Modica,* 264 N.W.2d 514 (S.D.1978), should be expanded as I explained in my dissent in *Mortenson.* Certainly, it is reasonable that an owner of land should reasonably inspect his property for safety when he invites the public onto his land to do business with them. Especially is this so, where he har-

bors a dangerous condition. Law springs from reasoning. Reasoning springs from a sense of what is right or wrong.

It is not reasonable for an owner or possessor of land to invite somebody onto his property and escape all liability, when, but for a reasonable inspection, he could discover a dangerous condition and thereby avoid injury to an invitee. Again, as I did in *Mortenson,* 349 N.W.2d at 446, I cite Restatement (Second) of Torts § 343 (1965):

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.