ZINTER, Justice
(concurring).
[¶ 28.] I join the opinion of the Court. I write to first acknowledge that the result of today’s decision is the recognition of a duty of care in some eases involving a failure to discover a condition that was unknown to the possessor and the invitee.[2] I also write to point out that because the circuit court applied an incorrect test in determining whether Nash Finch should have reasonably foreseen a risk of harm, today’s opinion is limited to discussing the question of foreseeability. However, in future cases involving unknown conditions, the court determining the existence of a duty and the fact-finder considering breach should consider two questions. They should consider both whether the risk of harm was foreseeable, and whether the condition would have been discovered by the exercise of reasonable care.
*506 [¶ 29.] The existence of a duty of care arising from the failure to discover concealed or unknown conditions does not emanate solely from the foreseeability of the risk of harm as discussed by the Court. The duty is also dependent upon a second question: whether the occupier knew of the condition or by the exercise of reasonable care would discover the condition that caused the harm. As Prosser and Keeton explains, for a duty to arise from concealed or unknown conditions, there must be both an unreasonable, foreseeable risk of harm and a failure to exercise due care in discovering the condition. “[TJhere is no liability for harm resulting from conditions from which no unreasonable risk was to be anticipated, or from those which the occupier neither knew about nor could have discovered with reasonable care.” W. Page Kee-ton, Dan B. Dobbs, Robert E. Keeton & David G. Owen, Prosser and Keeton on Law of Torts § 61, at 426 (5th ed. 1984) (emphasis added). Even when a risk of harm is reasonably foreseeable, a duty of care does not arise if the possessor neither knew nor by the exercise of reasonable care would have discovered the condition. “The mere existence of a defect or danger is generally insufficient to establish liability, unless it is shown to be of such a character or of such duration that the jury may reasonably conclude that due care would have discovered it.” Id. § 61, at 426-27.
[¶ 80.] We have recognized this dual inquiry by our repeated citation to the Restatement (Second) Torts § 343 (1965). See Pierce v. City of Belle Fourche, 2001 SD 41, ¶ 11, 624 N.W.2d 353, 355 (citing Restatement (Second) Torts § 343 cmts. b, d); Mitchell v. Ankney, 396 N.W.2d 312, 313-14 (S.D.1986) (citing Restatement (Second) of Torts § 343 cmts. b, d); Ballard v. Happy Jack’s Supper Club, 425 N.W.2d 385, 388 (S.D.1988) (citing Restatement (Second) of Torts § 343); Stenholtz v. Modica, 264 N.W.2d 514, 516 (S.D.1978) (citing Restatement (Second) of Torts § 343). Section 343(a) recognizes that the elements of knowledge of the condition and foreseeability of the risk are separate inquiries, and both must be satisfied before a duty is recognized. Section 343 provides:
A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
(c) fails to exercise reasonable care to protect them against the danger.
(Emphasis added.) Accordingly, under the common law restated in subsection (a), a possessor’s duty of care to an invitee arises if: (i) the possessor knows or by the exercise of reasonable care would discover the condition, and (ii) the possessor should realize that the condition involves an unreasonable risk of harm to invitees. Id. § 343(a).
[¶ 31.] Although not discussed by the Court, the first question contemplates that a duty may arise from unknown and concealed conditions. By definition, conditions that “would” be discovered by the “exercise of reasonable care” necessarily include some unknown and concealed conditions. See id. Thus, contrary to Nash Finch’s arguments, the authorities gener *507 ally recognize that a duty arises when there has been a failure to exercise due care in inspecting for or discovering a previously unrecognized condition that poses an unreasonable risk of harm. See Restatement (Second) Torts § 343 cmt. b.[3] Simply stated, the possessor of business premises “is under an affirmative duty to protect [invitees], not only against dangers of which he knows, but also against those which with reasonable care he might discover.” Prosser and Keeton on Law of Torts § 61, at 419. On remand, the jury should be instructed to determine both whether Nash Finch, by the exercise of reasonable care, would have discovered the condition, and whether, under all the facts and circumstances, it presented an unreasonable risk of harm that Nash Finch should have realized. In future cases, courts should consider both elements in determining whether a duty exists.
[¶ 32.] KONENKAMP, Justice, joins this special writing.

. Nash Finch focuses on language in our decisions suggesting there is no duty arising from a failure to discover or inspect. Nash Finch points out that in one case, we described the premises owner’s duty to protect invitees from "concealed, dangerous conditions known to ... [the owner].” Parker v. Casa Del Rey-Rapid City, Inc., 2002 SD 29, ¶ 7, 641 N.W.2d 112, 116 (emphasis added). In another, we stated it was necessary for the possessor to have knowledge of the presence of the dangerous condition or that the condition existed for such period of time to justify an inference of the existence of knowledge. Kryger v. Dokken, 386 N.W.2d 481, 483 (S.D. 1986). And, in yet another case, we simply found no duty to inspect. Mortenson v. Braley, 349 N.W.2d 444, 446 (S.D.1984) (concluding there was no duty to inspect a ladder furnished on the premises). In Parker, however, the central issue was whether the alleged, dangerous condition existed. In Kryger, the issue was whether a duty arose under theories of nuisance or strict liability because the defect was not discoverable. And, in Mortenson, the majority found that factually, no duty to inspect arose where the plaintiff had used a ladder on three prior occasions, the plaintiff was aware of its condition, and the defendant did not assist the plaintiff in any way. Therefore, the issues in those cases were different, and the language of those decisions mentioning knowledge of the condition should not be extrapolated to cases such as this one where the issue is whether a concealed condition would have become known by the exercise of reasonable care.

. Comment b to section 343 provides:
[A]n invitee enters upon an implied representation or assurance that the land has been prepared and made ready and safe for his reception. He is therefore entitled to expect that the possessor will exercise reasonable care to make the land safe for his entry, or for his use for the purposes of the invitation. He is entitled to expect such care not only in the original construction of the premises, and any activities of the possessor or his employees which may affect their condition, but also in inspection to discover their actual condition and any latent defects, followed by such repair, safeguards, or warning as may be reasonably necessary for his protection under the circumstances.
Restatement (Second) Torts § 343 cmt. b.