Richard McALLISTER, Appellant,

v.

MAGNOLIA PETROLEUM COMPANY,
Appellee.

No. 15050.

Court of Civil Appeals of Texas.
Dallas.

Nov. 28, 1958.

**412**

Mandell & Wright, Houston, for appellant.

Frank C. Bolton, Jr., Earl A. Brown, Chas. B. Wallace, Jack E. Earnest and William H. Tabb, Dallas, for appellee.

DIXON, Chief Justice.

The opinion heretofore rendered in this case is withdrawn and the following opinion is substituted.

Appellant McAllister filed this suit against appellee Magnolia Petroleum Company, seeking damages and maintenance because of personal injuries alleged to have been sustained while appellant was employed as a seaman on appellee's ship, the J. C. Stephens. The trial court rendered judgment based on a jury verdict denying appellant recovery for damages either for negligence under the Jones Act, Title 46 U.S.C.A. § 688, or Maritime Law; but allowing appellant a recovery of $6,258 as maintenance.

No appeal was taken from the judgment denying appellant recovery under the Jones Act, but an appeal was taken by McAllister from the court's adverse decision denying recovery under the General Maritime Law with respect to unseaworthiness. Appellee Magnolia Petroleum Company appealed from the judgment for maintenance. We affirmed the judgment against appellant denying the recovery for unseaworthiness, it being our opinion that appellant's cause of action was barred by the Texas two-year Statute of Limitations, Vernon's Ann. Civ.St. art. 5526. We also affirmed the judgment for maintenance in favor of appellant. McAllister v. Magnolia Petroleum Company, Tex.Civ.App., 290 S.W.2d 313.

Thereafter appellant McAllister's application for a writ of certiorari was granted, 352 U.S. 1000, 77 S.Ct. 580, 1 L.Ed.2d 545, and the Supreme Court of the United States held that the Texas Statute of Limitations was not applicable with reference to appellant's cause of action for unseaworthiness under the General Maritime Law. Our judgment was therefore reversed and the cause was remanded to this Court for consideration of appellant's points alleging errors in the jury trial resulting in a judgment adverse to appellant. McAllister v. Magnolia Petroleum Company, 357 U.S. 221, 78 S.Ct. 1201, 2 L.Ed.2d 1272. Magnolia Petroleum Company did not seek to appeal from our decision affirming the trial court's judgment of $6,258 for maintenance. Therefore the only matters now before us have to do with the points raised by appellant in his appeal from the judgment against him in his cause of action based on unseaworthiness under the General Maritime Law.

Even this part of the appeal has been passed on by the Supreme Court of the United States, which in its opinion held that certain issues and definitions in the trial court's charge were erroneous. McAllister v. Magnolia Petroleum Company, 357 U.S. 221, 78 S.Ct. 1201 (Syllabi 8, 9 and 10), 2 L.Ed.2d 1272. See also Gulf, Colorado & Santa Fe Railway Company v. Deen, Tex., 317 S.W.2d 913, opinion by Justice Garwood. Appellant's points one through seven are sustained.

In his point number eight appellant asserts that the trial court refused to include in the damage issue the reasonable expense of operation, hospitalization and medical expense from the date of trial and in the future.

We quote part of the Special Issue No. 34, the damage issue: "What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence will reasonably and fairly compensate Richard McAllister * * * for his reasonable and necessary doctors and hospital

bills in the past, if you find there have been any in the past, and in the future, if you find there will reasonably and probably be any in the future, directly and proximately resulting from the fall, if any, of the plaintiff McAllister on the occasion in question?"

■ The issue as submitted seems to be too limited in that it would allow a recovery only for doctors' and hospital bills. Appellant requested and the court refused to submit an issue as to the reasonable cost of "medical care and attention including doctors, hospitals, nurses bills, and medicines that plaintiff has incurred from and after October 19, 1950, to the date of trial, and such future medical bills as may be incurred in the future and beyond the date of trial." While it was not necessary to submit medical expenses in a separate issue, we think appellant was entitled to have submitted the question of his medical expenses, including not only doctors' and hospital bills, but also nurses' bills and the cost of medicines, as he requested. Appellant's eighth point is sustained.

■ Appellant in his ninth point says that the trial court erred in that it failed to include in the general damage issue, as an element of damages, the reasonable cost of food and lodging which he was entitled to receive. We are unable to agree with appellant. It has been held, as we pointed out in our discussion of appellant's eighth point, that reasonable medical expenses may be included as an element in determining general damages, but as we see it, this is true only if no recovery is sought or allowed for cure in a separate count for maintenance and cure. A seaman may not sue in separate counts for maintenance or cure, or both of them, and have either or both of them included also in the general damage issue in a separate count for damages. Jones v. Waterman S. S. Corp., 3 Cir., 155 F.2d 992; McDonald v. Cape Cod Trawling Corp., D.C., 71 F.Supp. 888; Robinson v. Swayne & Holt,

D.C., 33 F.Supp. 93; Gomes v. Eastern Gas & Fuel Associates, D.C., 127 F.Supp. 435; 79 C.J.S. Seamen § 185, pp. 650–651.

■ In this case appellant elected to sue and he was awarded a recovery of $6,258 in a separate count for maintenance, which includes food and lodging. Having so elected, we think it was his duty to seek his full recovery for maintenance in the separate count. If the $6,258 was less than the full amount appellant was entitled to receive, it is nevertheless binding on him, for he did not appeal from that part of the judgment. If the $6,258 represents a full recovery for maintenance then it would be permitting appellant a double recovery should food and lodging be included also as an element in submitting the general damage issue. Appellant's ninth point is overruled.

■ In his tenth point appellant alleges error because the court admitted the testimony of two expert witnesses who testified as to tests they made of the effect upon the ladder in question of the addition of certain substances. Appellant had pled and testified that he slipped on the ladder because the ladder was wet from sea water and oil film. The witnesses, using the very same ladder, first cleaned the ladder, then the sole of a shoe to be used in the test. Thereafter they conducted friction tests with the ladder and shoe sole dry, then with hydrant water on the ladder, then with salt water on the ladder, and then with crude oil on the ladder. Before applying each solution to the shoe they were using they used sand paper on the shoe sole. They testified that their tests showed that it was more difficult to slip on such ladder with any of the solutions on it than it would be if the ladder was dry.

Appellant objected to the testimony on the ground that the tests were not made under conditions similar to those which existed at the time appellant was injured. In particular he says that sea water was

not used in the tests, nor was the testing apparatus subjected to any rolling or pitching motions such as a vessel at sea would experience.

We see no merit in appellant's contention. Very few tests can be made under the exact conditions present when a prior event occurred. The law requires only that substantially the same conditions must exist. And the trial court is allowed considerable latitude in determining whether the conditions are sufficiently similar to permit testimony about the tests. 17 Tex. Jur. 401, and cases there cited. Appellant's tenth point is overruled.

Because of the error in submission of issues and definitions pertaining to unseaworthiness, the judgment of the trial court is reversed and the cause remanded for another trial.