EWING, Appellant v. RUSSELL, et al., Respondents

(137 N.W.2d 892)

(File No. 10201. Opinion filed November 19, 1965)

**Charles Lacey, Robert L. Jones,** Sioux Falls, for plaintiff and appellant.

**John B. Shultz,** of **Woods, Fuller, Shultz & Smith,** Sioux Falls, for defendants and respondents.

PER CURIAM. Plaintiff, a private secretary, brought this action to recover damages from her employer's lessors for personal injuries resulting from a fall. It was her claim defendants had negligently placed excessive wax on the floor making it dangerous to walk on, and failed to maintain it in a reasonable safe condition. Upon trial, the jury returned a verdict for defendants, and from a judgment thereon, plaintiff appealed. Defendants' answer denied placing excessive wax on the floor, alleged the wax applied was of a kind in common use, of safe quality and not such as to make the floor slippery or unsafe. In

support of the answer defendants introduced evidence by an expert as to the coefficient of friction resulting from successive applications of wax applied to the asphalt floor where the fall occurred. Plaintiff's objections thereto were overruled and motions to strike denied; these are the only assignments of error presented.

Qualifications of defendants' expert witness are not challenged. He testified the coefficient of friction is a measure of how slippery a surface is. As an example, if it takes 80 pounds to pull a 100 pound weight on a floor the coefficient of friction is 8/10ths; if it takes 20 pounds the coefficient is 2/10ths. The higher the coefficient, the surface is "less slippery"; the lower the coefficient, the surface is "more slippery". He made measurements of the coefficient on the floor where the fall occurred using a rubber heel, leather and other materials. A chemical analysis of the wax used indicated it contained 85% water, 10% wax and 5% resin; the latter's function is to increase the coefficient of friction.

█ He testified the Bureau of Standards has set up a standard that if the coefficient is .4 or higher it is safe; if less, it is unsafe. The mechanics of making these tests, the results of which were .74 for rubber and .73 for leather, are not set out except as they may refer to the objections made. The objections directed to foundation were it had not been shown the same conditions had been produced or existed, either in the application of the wax to the tile or weight applied in proportion to the bearing surface of the material being tested. At least one witness, a fellow employee of plaintiff present at the time of the accident, testified the floor was in approximately the same condition at the time the expert witness conducted the experiments and at the time plaintiff fell.

█ Very few tests can be made under the exact conditions present when a prior event has occurred and it is only necessary that substantially the same conditions must exist to permit admissibility of the evidence. McAllister v. Magnolia Petroleum Company, 1958, Tex.Civ.App., 319 S.W.2d 411. This is the rule recognized by cases cited by appellant:—Lance v. Van

Winkle, 1948, 358 Mo. 143, 213 S.W.2d 401 and Keith v. Jos. G. Schmersahl Co., 1963, Mo., 371 S.W.2d 334. Trial courts are allowed some latitude in admitting the testimony (see note and cases cited 76 A.L.R.2d 354 and 374) as is permitted in framing hypothetical questions. Piper v. Barber Transportation Co., 79 S.D. 353, 112 N.W.2d 329. Plaintiff quotes some of the cross-examination of the witness that she "didn't pay any particular attention to the floor either when Mrs. Ewing fell or that night later" when the tests were made. This, with the other testimony went to the weight the jury could ascribe to it, not its admissibility. Plaintiff, in rebuttal introduced evidence of tests made on differently waxed floors; on surrebuttal defendant offered further evidence on the subject. All of this was without objection. We conclude the court did not err in the rulings on the evidence.

Affirmed.