Sivert LARSON, Plaintiff and Appellant,

v.

DeMar MEYER and Alfred Eggermont,
Defendants and Respondents.

Civ. No. 8460.

Supreme Court of North Dakota.

Sept. 19, 1968.

Lanier, Knox & Shermoen, Fargo, for appellant.

Nilles, Oehlert, Hansen, Selbo & Magill, Fargo, for respondents.

MUGGLI, District Judge.

The litigation in question resulted from the death of plaintiff's wife who was crushed when the tractor she was operating overturned backwards while attempting to pull a bulk milk truck owned by one defendant and operated by the other.

Action was originally commenced by the plaintiff, Sivert Larson, as the surviving husband, for the use and benefit of himself and the surviving children under the provisions of chapter 32–21 of the North Dakota Century Code entitled Death by Wrongful Act. At the first trial, the jury returned a verdict in favor of the plaintiff. This Court reversed the judgment and a new trial was granted (Larson v. Meyer, N.D., 135 N.W.2d 145). The second trial resulted in a jury verdict dismissing plaintiff's complaint. The judgment entered upon that verdict is now before us on appeal.

Defendant, DeMar Meyer, is a trucker who hauls milk to the creamery for individual farmers. The truck involved in the accident was owned by defendant, Meyer, and driven by defendant, Alfred Eggermont. The plaintiff was a customer of DeMar Meyer.

On May 14, 1962, the clutch linkage of Meyer's milk truck broke so that it was unable to be shifted into reverse. Before reaching the plaintiff's farm, the driver, Eggermont, had the truck repaired. The milk truck then continued its route and reached the plaintiff's farm around 5:00 p. m. Eggermont drove through the farmyard to the milk shed and stopped. He attempted to back the truck to the loading point but was unable to do so because the clutch linkage had again broken at the same place it had been welded earlier that day.

Mrs. Larson, the plaintiff's deceased wife, noticed the difficulty and offered to tow the truck back to the loading area with the plaintiff's tractor. Mrs. Larson drove the tractor to where the truck was standing and backed the tractor to the back of

the truck. The tractor's drawbar was not attached because it had been removed to enable the field cultivator to be attached. At the time of the accident, the field cultivator had been removed from the tractor but the drawbar had not been replaced. Upon Mrs. Larson's suggestion, defendant, Eggermont, attached one end of an eight- to ten-foot log chain to the truck's trailer hitch located at the rear of the truck and the other end to the tractor's "lift bar," located at the rear of the tractor, approximately two feet above where the drawbar is ordinarily attached. The lift bar is not designed for pulling or towing, but is part of the tractor's hydraulic equipment which is used for lifting and carrying loads with a front end attachment.

After attaching the log chain to the truck and tractor, defendant, Eggermont, entered the cab of the truck, released the emergency brake and took the truck out of gear. Eggermont then motioned to one of Mrs. Larson's daughters who was standing near the two vehicles. She in turn motioned to her mother to begin towing the truck. As the tractor attempted to pull the truck, its front end began rising and subsequently overturned backward, crushing Mrs. Larson and causing her death.

The accident took place May 14, 1962, on the Sivert Larson farm, two miles west and a mile south of Binford, North Dakota. The tractor involved in the accident was a WD–45 Allis Chalmers. The milk truck was a 1957 International that was carrying a 2,000 bulk gallon milk tank. By noting the quantity of milk collected before the accident as well as the tare weight of the truck and tank, the estimated weight of the vehicle was between 19,000 and 20,000 pounds. The right front wheel of the truck was in a depression estimated to be four to six inches deep.

The terrain surrounding the milk loading area was sloped in a downward direction toward the stalled truck. Testimony indicated that there was a three and one-half foot drop from the rear wheels of the trac-tor to the front wheels of the truck. This is a distance of approximately 27 feet.

Plaintiff's counsel objected to the introduction in evidence of the results of an experiment on the ground that the conditions of the experiment were not substantially similar to those existing at the time of the accident. The objection was overruled and evidence of the results of the experiment was received. The results testified to were that the tractor could pull the load using a similar hookup without lifting the front end of the tractor from the ground.

The sole issue to be decided by this Court is whether the trial court abused its discretion by admitting the results of the experiment.

The experiment was conducted May 10, 1966, nearly four years after the accident. It was conducted on land located south of Valley City, North Dakota, approximately two miles east of the King school. This site is approximately 60 miles from the accident site. The WD–45 Allis Chalmers tractor used in the experiment was the same type and model as the one involved in the accident. The truck used in the experiment was also the same type as the one involved in the accident. It has the same rating, the same wheelbase, the same type milk tank and it weighed 20,190 pounds. The right front wheel was placed in a four- to six-inch depression, similar to the one at the scene of the accident.

The plaintiff testified that the ground at the accident scene was "dry" while the defendant, Eggermont, testified that the ground at the experiment site was the "same type of ground" as that found at the accident scene. The slope at the experiment site was a three and one-half foot drop in 27 feet. Also, the same person who hooked the chain to the two vehicles at the accident scene hooked the same chain to the vehicles at the experiment site.

■ A trial court must find the existence of the following conditions from

foundation testimony before the results of an experiment are admissible into evidence: (1) The person making the experiment must be competent to do so. Crecelius v. Gamble-Skogmo, 144 Neb. 394, 13 N.W.2d 627; 32 C.J.S. Evidence § 587, at 717. (2) The conditions surrounding the experiment must be substantially similar to those prevailing at the time of the occurrence to which they relate. Fisher v. Suko, 111 N.W.2d 360 (N.D.1960); Larson v. Meyer, 135 N.W.2d 145 (N.D.1965). (3) The results must be shown to be relevant to an issue in the case. (4) The experiment must have been honestly and fairly made. Crecelius v. Gamble-Skogmo, 144 Neb. 394, 13 N.W.2d 627; 32 C.J.S. Evidence § 587, at 717.

■ The law is clear that the conditions of the experiment need not be identical with those of the accident. Experiment results will be admissible if a substantial similarity of conditions can be shown. However, there is no precise gauge to determine when the substantial similarity requirement has been satisfied. This determination must depend upon the particular factual situation and therefore must rest upon the sound discretion of the trial court. That decision will not be disturbed by this Court unless there was a clear abuse of that discretion. Fisher v. Suko, 111 N.W.2d 360 (N.D.1960); Larson v. Meyer, 135 N.W.2d 145 (N.D.1965). If the experiment is found to be substantially similar, minor variations will go to the weight of the evidence rather than to its admissibility. Ewing v. Russell, 81 S.D. 563, 137 N.W.2d 892. The jury, as the ultimate trier of fact, must then determine the credibility and weight to be attached to such evidence, and its decision will not be disturbed on appeal when different minds may reasonably draw different conclusions from the evidence. Burt v. Lake Region Flying Service, 78 N.D. 928, 54 N.W.2d 339.

■ Plaintiff's counsel alleges that the condition of the soil at both sites were not shown to be substantially similar and, therefore, the results of the experiment should be rendered inadmissible. Testimony indicated that the ground at both sites was similar. Therefore, this factor is not a substantial variation that renders the experiment inadmissible but is, at most, a minor variation affecting the weight to be attached by the jury to this evidence. The fact that the experiment was taken at the same time of year, but four years later, and that the experiment was conducted approximately 60 miles from the accident scene also constitute minor variations that affect only the weight of the evidence. Foundation testimony indicates that any variations in the truck and its weight, the tractor, the tires, the slope of the ground and the method of hooking the chain to the vehicles were also minor.

■ The fact that plaintiff was not present when the defendants' experiment was conducted has no effect upon the admissibility of the experiment results. Sinclair Oil & Gas Co. et al v. Albright et al, 161 Okl. 272, 18 P.2d 540; 32 C.J.S. Evidence § 587, at 717. As long as the four conditions for the admission of experiment results can be proved by foundation evidence, such results are admissible and the absence of an opposing party during the experiment goes to the weight to be attached to the evidence, not to its admissibility.

The record does not indicate an abuse of the trial court's discretion by admitting into evidence the experiment results. All four conditions for the admission of experiment results have been met. The record indicates that the experiment was conducted honestly and fairly. The driver of the milk truck was qualified to state his observations of the accident scene and of the experiment, while the Allis Chalmers implement dealer was qualified to operate the tractor used in the experiment.

■ The defendants, likewise, bore the burden of showing a substantial similarity between the conditions that existed

at the accident and at the experiment. Furthermore, in view of the evidence at the trial leading up to the testimony concerning the experiment results, we find that the experiment did not raise collateral issues that would diminish its evidentiary value or confuse or mislead the jury.

For the reasons stated, we find that the trial court did not abuse its discretion in allowing the results of this experiment into evidence and the judgment of the district court is affirmed.

TEIGEN, C. J., and ERICKSTAD, STRUTZ and KNUDSON, JJ., concur.

PAULSON, J., deeming himself disqualified, did not participate; HON. NORBERT J. MUGGLI, Judge of Sixth Judicial District, sitting in his stead.