**Richard SWIONTEK and Alice Swiontek, Plaintiffs and Appellees,**

v.

**RYDER TRUCK RENTAL, INC., Defendant and Appellant.**

**Civ. No. 880162.**

Supreme Court of North Dakota.

Dec. 6, 1988.

---

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for defendant and appellant; argued by W. Todd Haggart, Fargo.

Dosland, Dosland, Nordhougen, Lillehaug & Johnson, PA, Moorhead, Minn., for plaintiffs and appellees; argued by J.P. Dosland, Moorhead, Minn.

GIERKE, Justice.

This is an appeal by the defendant, Ryder Truck Rental, Inc. (Ryder), from a district court judgment dated April 14, 1988, entered in accordance with the special jury verdict which found Ryder negligently liable to the plaintiff, Richard Swiontek (Swiontek). We affirm.

Ryder leased to Wil–Rich, Inc., an agricultural equipment manufacturer, several semi truck tractors for use in hauling trailers. Pursuant to the lease agreement with Wil–Rich, Inc., Ryder was required to perform repair and maintenance services on the tractors.

Swiontek was assigned by his employer, Wil–Rich, Inc., to drive one of the leased tractors from Ryder. The particular tractor assigned to Swiontek had problems with the fifth wheel, a device utilized to attach and detach the trailer.[1] Part of Swiontek's duties included unhooking the trailer from the tractor by activating a lever on the fifth wheel. The lever on the

---

1. The specific type of truck involved is a 1982 Peterbilt cab over engine tractor, unit number 318937, which was equipped with a Fontaine fifth wheel.

fifth wheel of this particular tractor stuck and was extremely difficult to operate and required a great deal of force to activate. Several complaints were made to Ryder regarding the condition of the fifth wheel including that it should be replaced. Ryder attempted to remedy the problem by steam cleaning the fifth wheel which only resulted in it working properly for short periods of time.

On April 12, 1986, Swiontek was injured while attempting to disconnect a trailer from the tractor by activating the lever on the fifth wheel. Swiontek filed suit claiming that his injury was a proximate result of Ryder's negligence or breach of warranty or an unreasonable dangerous defect in the fifth wheel of the tractor owned by Ryder. Ryder in its answer denied liability and alleged that Swiontek was negligent, that he assumed the risk of injury and that he misused the tractor, and should be barred from recovering.

A jury trial was held on April 4, 1988. During trial, Ryder offered into evidence a portion of a videotape demonstrating the operation of the fifth wheel along with some explanatory testimony of Andrew Schaefer. Swiontek objected to the evidence on the ground of lack of foundation arguing that the conditions of the videotaped demonstration were not identical to conditions at the time of the accident.[2] The trial court sustained the objection on foundational grounds. The jury returned a special verdict finding Ryder liable to Swiontek on the theory of negligence. The district court entered judgment against Ryder on April 14, 1988. Ryder filed this appeal on May 23, 1988.

There are two issues to be resolved. The first issue is whether or not an evidentiary ruling by the trial court is reviewable on appeal from a judgment when no motion for a new trial has been made.

■ Initially, we note that a party challenging an evidentiary ruling such as this is not required to make a motion for a new trial prior to taking an appeal from the

2. Mr. Dosland, counsel for Swiontek, objected to the videotape evidence for lack of foundation as follows:

"THE COURT: And your objection, Mr. Dosland, was foundational; is that right?

"MR. DOSLAND: My objection is foundational, but I can give wherein the foundation is lacking.

"THE COURT: Yes, you did, I believe.

"MR. DOSLAND: I don't know if I did or not.

"No. 1, the temperature, while six degrees different, while only six degrees different, there is no showing that that six degrees won't make a difference.

"Secondly, the trailer and tractor, there's no foundation that the use of that trailer and tractor, the number of times it's hooked and unhooked each week, the number of different trailers that it's hooked to each week, is not shown to be the same.

"The ground that this tractor was on when Mr. Schaefer disconnected it was shown to be a little uneven and the thing was cocked, and, therefore, it may have been jammed and stuck for an entirely different reason than it was jamming and sticking at the time it was being operated by Wil–Rich.

"We've got the—the grease has not been shown to be the same. We've had a couple of different descriptions of the grease used by Ryder and the grease used by Schaefer.

"The vehicle was maintained differently. The vehicle is now being maintained with greasing being done every eight thousand miles—or every ten thousand miles. It was being done—

"THE COURT: Five thousand. I've got it as five thousand.

"MR. DOSLAND: Whatever that was. The amount of grease it's been shown—testified also to—it's also been testified to that one of the reasons the thing sticks is that grease gets into it. Whether more or less grease gets into it, what effect that will have on it, that would also depend upon how frequently it's greased. So those conditions are not shown to be the same.

"And it has also not been shown to be the same—the frequency of steam cleaning or whether they were steam cleaned in exactly the same way and whether or not steam cleaning makes a difference which way. And how close the most recent steam cleaning was. All of those make this test different than the—than any circumstances under which Wil–Rich operated.

"THE COURT: Well, whether it was a test or not, it was an operation.

"MR. DOSLAND: Yes.

"THE COURT: And that's the basis upon which I sustained the objection was foundational."

judgment. However, if a party makes a motion for a new trial that party is restricted on appeal to those issues raised in the motion for a new trial. *Nelson v. Trinity Medical Center,* 419 N.W.2d 886, 889 (N.D. 1988); *Andrews v. O'Hearn,* 387 N.W.2d 716, 729 (N.D.1986). We also note that while an evidentiary ruling by the trial court is not immediately appealable, it may be reviewed on appeal from a final judgment if the issue has been preserved in the record. *See Allen v. White Drug of Minot, Inc.,* 346 N.W.2d 279, 282 (N.D.1984); *Danks v. Holland,* 246 N.W.2d 86, 88 (N.D. 1976). Accordingly, we believe that the evidentiary issue raised by Ryder in this appeal is reviewable.

The second issue which we must address is whether or not the trial court erred in refusing to admit into evidence a portion of a videotape demonstrating the use of the fifth wheel and certain testimony offered in connection with the videotape.[3]

Ryder argues that the trial court erred in excluding the evidence because a proper foundation was laid for admission of the videotape evidence by establishing substantial similarity between the conditions at the time of the accident and the time of the demonstration.[4]

■ We set forth in *Ned Nastrom Motors, Inc. v. Nastrom–Peterson–Neubauer, Co.,* 338 N.W.2d 64, 66 (N.D.1983), this Court's standard of review of the trial court's exclusion of evidence on foundational grounds as follows:

> "[W]hether or not an exhibit should have been excluded on the basis that it lacked adequate foundation is primarily within the sound discretion of the trial court, the exercise of which will not be disturbed on appeal in the absence of a showing that it affected the substantial rights of the parties."

Thus, the trial court's decision to exclude evidence on the basis that it lacks adequate foundation lies within the sound discretion of the trial court and will not be disturbed on appeal unless there was an abuse of discretion which affected substantial rights of the parties. *Ned Nastrom Motors, Inc. v. Nastrom–Peterson–Neubauer, Co., supra; see also Williams County Social Services Bd v. Falcon,* 367 N.W.2d 170, 177 (N.D.1985); *Larson v. Meyer,* 161 N.W. 2d 165, 168 (N.D.1968).

■ We note that the videotape evidence was being offered by Ryder to show the normal and proper operation of the fifth wheel. We also note that there was other evidence in the record which explained the normal operation of the fifth wheel. Therefore even though the videotape was not admitted there was other evidence admitted as to the normal and proper operation of the fifth wheel.

We do not believe under the facts of this case that substantial rights of Ryder were affected by the trial court's exclusion of the videotape evidence. Therefore, while it may be argued in the instant case that several of the variations in circumstances affected only the weight and not the admissibility, we do not believe that the trial court erred in excluding the videotape evidence when other evidence was admitted which would render the excluded evidence cumulative. Accordingly, the judgment of the trial court is affirmed.

ERICKSTAD, C.J., VANDE WALLE and MESCHKE, JJ., and VERNON R. PEDERSON, Surrogate Justice, concur.

VERNON R. PEDERSON, Surrogate Justice, sitting in place of LEVINE, J., disqualified.

---

**3.** We note that the videotape contained two separate parts. While part one of the videotape was received into evidence, part two demonstrating the use of the fifth wheel was excluded.

**4.** This Court stated in *Larson v. Meyer,* 161 N.W. 2d 165, 168 (N.D.1968), that if the conditions of the experiment are found to be substantially similar with those of the accident, minor variations will go to the weight of the evidence rather than to its admissibility.