Keith L. GERLACH and Sharon Gerlach, Plaintiffs and Appellants,

v.

ETHAN COOP LUMBER ASSOCIA-TION, Defendant and Appellee.

No. 17402.

Supreme Court of South Dakota.

Considered on Briefs Oct. 21, 1991.

Decided Dec. 24, 1991.

---

Susan Jansa Brunick of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiffs and appellants.

Lon J. Kouri and Brenda L. Schnasa of May, Johnson, Doyle & Becker, Sioux Falls, for defendant and appellee.

MILLER, Chief Justice.

This appeal arises out of the construction of a hog confinement building by the Ethan Coop Lumber Association (Coop) for Keith and Sharon Gerlach. Gerlachs appeal from a judgment entered following a jury verdict rendered in favor of Coop.

## FACTS

Coop constructed a hog confinement building for Gerlachs in 1979. In January, 1988, the roof of the building collapsed. Gerlachs brought an action against Coop, asserting the theories of negligence and breach of warranty.

Coop asserts that Gerlachs failed to properly maintain the hog confinement building and did not remove snow from its roof after a blizzard dumped 28 inches of snow in the area. Coop claims this failure caused the roof to collapse. Coop also counterclaimed for payment on an open account unrelated to the construction of the building. The jury returned a verdict in favor of Coop. Gerlachs appeal, asserting the trial court improperly instructed the jury on the defenses of assumption of the risk and contributory negligence; abused its discretion in denying Gerlachs' motion for new trial; and it improperly permitted Coop's expert testimony.

## DECISION

### I.

### WHETHER THE TRIAL COURT ERRONEOUSLY INSTRUCTED THE JURY.

Gerlachs contend the trial court erred in instructing the jury on assumption of the risk and contributory negligence, asserting these instructions were not supported by the evidence.

The jury was given the following three pattern jury instructions:

#### Instruction No. 29

It is the law that a person cannot be heard to complain of a dangerous condition, situation or conduct when such person with knowledge thereof voluntarily places himself or herself in a position or voluntarily continues in a position wherein he or she knows of hazard of injury or damage to himself or herself from such dangerous condition, situation or conduct. To support an assumption of the risk defense, the defendant must show that the plaintiffs not only had knowledge of the existence of the specific risk involved and appreciation of its character, but also that they voluntarily accepted this risk. This requires the defendant to show that the plaintiffs had a sufficient amount of time, knowledge and experience to make an intelligent choice. If this is shown, the plaintiffs are deemed to have assumed the risk of injury or damage and is [sic] not entitled to any recovery.

S.D. Pattern Jury Instruction 13–01.

#### Instruction No. 26

In such actions as this, and except as otherwise elsewhere stated in these instructions, a claimant for damages can-

not recover if he was himself contributorily negligent. Such contributory negligence exists when such claimant was himself negligent as negligence has been defined in another instruction, and when such negligence of the claimant, combined with the negligence of another or others, causes the accident. Therefore, and if the jury should find such claimant himself negligent, it would not be contributory negligence unless the jury should also find that if it had not been for such claimant's negligence the accident would not have happened.

S.D. Pattern Jury Instruction 11–01.

*Instruction No. 28*

While the same conduct on the part of the plaintiff may amount to both assumption of risk and contributory negligence, there is a distinction between the two defenses. An essential factor in contributory negligence is that it contributes as a proximate cause of the injury. Assumption of risk, however, if it meets the requirements stated to you, will bar recovery of damage although it plays no part in causing the accident except merely to expose the person to danger.

S.D. Pattern Jury Instruction 13–02.

■ Ordinarily, questions of negligence, contributory negligence and assumption of the risk will be for the jury to decide, so long as there is evidence to support them. *Ballard v. Happy Jack's Supper Club*, 425 N.W.2d 385, 389 (S.D.1988); *Stenholtz v. Modica*, 264 N.W.2d 514, 517 (S.D.1978). "A trial court is to present only those instructions which are supported by competent evidence in the record." *Schelske v. South Dakota Poultry Co-op*, 465 N.W.2d 187, 190 (S.D.1991); *Hills of Rest Memorial Park v. Witte*, 427 N.W.2d 848 (S.D. 1988); *Kallis v. Beers*, 375 N.W.2d 642 (S.D.1985); *Frazier v. Norton*, 334 N.W.2d 865 (S.D.1983); *Atyeo v. Paulsen*, 319 N.W.2d 164 (S.D.1982); *Van Zee v. Sioux Valley Hospital*, 315 N.W.2d 489 (S.D. 1982); *Olesen v. Snyder*, 277 N.W.2d 729 (S.D.1979).

"In considering whether there is evidentiary support for an instruction, a reviewing court must give the evidence the most favorable construction it will reasonably bear. If there is some evidence bearing on the issue, a reviewing court will not disturb the trial court's giving of an instruction." *Zee v. Assam*, 336 N.W.2d 162, 164 (S.D. 1983).

■ In order to support an assumption of the risk defense, a *defendant must show:* (1) plaintiff had actual or constructive knowledge of the risk; (2) an appreciation of its character; and (3) voluntary acceptance of the risk, having had the time, knowledge, and experience to make an intelligent choice. *Ballard*, 425 N.W.2d at 389; *Underberg v. Cain*, 348 N.W.2d 145 (S.D.1984).

■ It is important to note that this building was designed with an open vent at the peak which ran the length of the building. This vent allowed the airflow to come in from the south and exit through the roof, thereby taking out the steam and moisture. The heat from the hogs, combined with the sun, caused any snow accumulation to melt within ten to twelve hours.

Gerlachs used this building for hogs until June of 1987, when they decided to get out of the hog business. The building remained empty and Gerlachs performed no maintenance thereon. Importantly, they did not remove any snow from the roof during the six-month period prior to the roof's collapse, even after a recent 28–inch snowfall.

The risk assumed in this case was the risk that the roof of the hog confinement building would collapse under the weight of a heavy snowfall. Given these circumstances, we believe there is ample evidence to support the instruction on assumption of the risk.

■ The evidence in this case also supports the instruction on contributory negligence. "Contributory negligence is conduct for which plaintiff is responsible, amounting to a breach of duty which the law imposes upon persons to protect themselves from injury, and which, concurring and cooperating with actionable negligence

for which defendant is responsible, contributed to the injury complained of as a proximate cause." *Starnes v. Stofferahn,* 83 S.D. 424, 432, 160 N.W.2d 421, 425 (1968).

The facts noted above concerning the assumption of risk instruction equally justify the giving of a contributory negligence instruction. Once the hogs were removed from the building, Gerlachs had a duty to clear snow off the roof to relieve it from the burden such excess weight would add to the structure.

Because there is adequate evidence, we will not disturb the trial court's decision to instruct the jury on the issue of contributory negligence. Affirmed.

## ISSUE II

### WHETHER THE TRIAL COURT IMPROPERLY PERMITTED EXPERT TESTIMONY.

■ Gerlachs claim the trial court abused its discretion when it permitted Greg Haiar, Coop's manager (who was deposed prior to trial) to give expert testimony. Specifically, Gerlachs assert that Haiar testified as an expert witness in violation of a pretrial order excluding expert testimony. During the discovery phase of the trial, Coop was served interrogatories requesting information concerning any expert witness it intended to introduce at trial. Coop answered that no decision had been made regarding experts. Six weeks before trial, Gerlachs again requested this information, and Coop replied that it did not intend to call an expert witness on the issues of liability or damages. Gerlachs moved for an order precluding Coop from introducing such testimony. This motion was granted.

The question before this court is: In what capacity did Haiar testify? Was he an expert witness or a lay witness?

Haiar is the manager of Coop and began this employment shortly before Gerlachs' building collapsed. He testified that Coop constructs approximately thirty to forty pole barns each year. In the course of his previous employment, Haiar had several opportunities to participate in the construction of pole barns. Gerlachs find the following testimony by Haiar at trial to be objectionable:

Q: [by Mr. Kouri] One of the big things we have been talking about here have been these lap joints?

A: [by Mr. Haiar] Yes.

Q: Based on your experience with the Co-op and the construction of pole buildings, are you aware of any such building with lap joints being constructed in this part of the country?

Objection by Ms. Brunick and bench discussion.

\*     \*     \*     \*     \*     \*

A: Yes.

Gerlachs argue that the foregoing testimony sets forth Gerlachs' expert opinion as to the custom and standard in the area regarding the use of lapped joints in the construction of hog confinement buildings thus violating the motion in limine prohibiting expert testimony.

■ However, as we stated in *State v. Bittner,* 359 N.W.2d 121 (S.D.1984), a lay witness may give an opinion if he has personal knowledge of the matter. SDCL 19–15–1;[1] SDCL 19–14–2.[2] "Nonexpert testimony ... requires no foundation and ... a nonexpert may testify regarding his or her opinions or inferences which are based on perceptions and which facilitate a clear

---

**1.** SDCL 19–15–1 states:

If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are

    (1) rationally based on the perception of the witness and

    (2) helpful to a clear understanding of his testimony or the determination of a fact in issue.

**2.** A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself....

understanding of the testimony or the determination of a fact in issue." *State v. No Heart,* 353 N.W.2d 43, 48 (S.D.1984); *United States Fire Ins. Co. v. Dace,* 305 N.W.2d 50, 56 (S.D.1981).

Clearly, Haiar had personal knowledge of the local use of lapped joints in the construction of hog confinement buildings. Moreover, it was Gerlachs' expert who put this fact in issue when he stated that he had never seen a building in South Dakota that was sixty feet wide and built with lapped joints. As the manager of a Coop which builds thirty to forty pole barns each year, coupled with the experience of his prior employment, Haiar's testimony was certainly admissible. *Bittner, supra; No Heart, supra; United States Fire, supra.*

We conclude that the trial court did not abuse its discretion in allowing Haiar's testimony. *State v. Wimberly,* 467 N.W.2d 499 (S.D.1991); *No Heart, supra; Ewing v. Russell,* 81 S.D. 563, 137 N.W.2d 892 (1965).

We have considered Gerlachs' other claims of error and find them to be without merit.

Affirmed.

WUEST, SABERS and AMUNDSON, JJ., concur.

HENDERSON, J., concurs with writing.

HENDERSON, Justice (concurring).

In all matters, I join the writing of the Chief Justice.

After two feet of snow was dumped on this hog facility, Gerlachs did nothing to mitigate the weight of the snow on the roof. No snow removal was accomplished. Certainly, they should not idly stand by and watch the demise of the facility. "Questions of negligence, contributory negligence and assumption of risk are for the jury, *provided there is evidence to support them." Ballard v. Happy Jack's Supper Club,* 425 N.W.2d 385, 389 (S.D. 1989). (Emphasis supplied mine).

This hog facility lasted for almost nine years. Gerlachs made use of it. It did not die of incipient collapse. That "something"

was the weight of at least two feet of snow. In South Dakota, you learn to shovel snow. You have to in order to survive. Gerlachs should have shoveled snow. Surely, the contributory negligence question, under Instruction 26, was properly submitted to the jury.

Located just south of a shelter belt, a larger amount of snow accumulated on the roof of the building. Gerlachs should have observed this additional snow creating additional risk. And they risked the damage to this building by being physically inert. When one peruses the three elements set forth in *Ballard,* it is evident that the facts fit therein, and trial court did not err in giving the assumption of risk instruction. Gerlachs assumed the risk of the roof caving in by not picking up some snow shovels and going to work. They had the ability to avert this damage, having actual notice of the danger, an appreciation of its character, and the time/knowledge to make an intelligent choice. Is not the difficulty in life—choice?