United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-3253

_____

Erin Marie Hallstrom, by and through   *
her Guardians and Next Friends,       *
       *
    Plaintiff/Appellant,      *
       *   Appeal from the United States
Thomas J. Hallstrom,         *   District Court for the
Marlene Hallstrom,          *   District of South Dakota.
       *
    Plaintiffs,           *
       *
    v.             *
       *
Kimberly Ammerman,        *
       *
    Defendant/Appellee.    *

_____

Submitted: March 14, 1997
Filed: May 15, 1997

_____

Before WOLLMAN and BEAM, Circuit Judges, and REASONER,[1] District Judge.

_____

    [1]The HONORABLE STEPHEN M. REASONER, Chief Judge, United States District Court for the Eastern District of Arkansas, sitting by designation.

WOLLMAN, Circuit Judge.

Erin Hallstrom appeals from the judgment entered on the jury's verdict in her action to recover damages for injuries she suffered when she was kicked by a horse. We reverse and remand for new trial.

**I.**

In early June 1992, Erin, then thirteen, her mother, Marlene Hallstrom, and her sister, Betsy, traveled from their home in Lincoln, Nebraska, to Winner, South Dakota, to visit Marlene Hallstrom's mother.

On June 11, 1992, Erin, her mother, and Betsy went to see some horses owned by Kimberly Ammerman. Ammerman asked Erin and Betsy if they wanted to ride one of the horses. Ammerman then placed a halter on Lancer, her two-year-old Arabian stallion. Erin was boosted up onto the horse, whereupon Lancer bent down to graze, with the result that Erin slid down his neck to the ground. Betsy then had a short, uneventful ride on Lancer, with Ammerman leading the horse and Ammerman's father, Don Wood, walking alongside. Erin was then boosted back up onto Lancer. As Erin was attempting to push herself farther back on Lancer's back, she apparently touched Lancer's flanks with her feet, whereupon Lancer reared up, throwing Erin to the ground and kicking her in the face. Erin's lip and chin were cut; one tooth was knocked out, and another tooth broken. Erin underwent surgery in the Winner hospital, from which she was released two days later. Erin has required additional medical and dental care to reduce the scarring on her face and to repair her broken and missing teeth.

Erin, by and through her parents, sued Ammerman, alleging that Ammerman was negligent in allowing Erin to ride the horse, in failing to saddle the horse, in failing to warn Erin or her parents that the horse might buck and rear, and in failing to control the horse. Ammerman denied the allegations and pled the affirmative defenses of

-2-

contributory negligence and assumption of the risk. The jury was instructed that it could absolve Ammerman of liability if it found that Erin had assumed the risk. The district court refused to give Erin's requested jury instruction on concurrent negligence. The jury returned a general verdict in favor of Ammerman. For reversal, Erin contends that the district court erred in instructing the jury on assumption of the risk and in not instructing the jury on concurrent negligence.

## II.

The parties agree that the law of the forum state applies in this diversity action. See Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). Under South Dakota law, jury instructions are to be considered as a whole and are adequate if they accurately state the law and advise the jury. See Bauman v. Auch, 539 N.W.2d 320, 323 (S.D. 1995). "The trial court should instruct the jury on issues supported by competent evidence in the record and is not required to instruct on issues that do not find support in the record." Id. Alleged errors are reversible only when they are shown to be prejudicial. See id.

### A. Assumption of the Risk

To support giving an instruction on assumption of the risk, a defendant must demonstrate that the plaintiff had actual or constructive knowledge of the risk, had an appreciation of its character, and voluntarily accepted the risk, having had the time, knowledge, and experience to make an intelligent choice. Gerlach v. Ethan Coop Lumber Ass'n, 478 N.W.2d 828, 830 (S.D. 1991).

As indicated earlier, at the time of the incident Erin was thirteen years old. She had had very little experience with horses. She had not grown up around horses, had no experience in training horses, and had been on a horse only three times prior to the date of the accident. There was no evidence that she knew of the dangers of riding a

-3-

two-year-old stallion, of riding a horse without the proper equipment, or of touching a horse in the flanks, which Ammerman alleges precipitated Lancer's actions. Even assuming, as Ammerman contends, that Ammerman's mother told Erin and Betsy not to kick Lancer in the flanks, there is no evidence that Erin knew what the horse's flanks were. Moreover, this warning was not, given Erin's limited knowledge about horses, sufficient to warn her of the particular risk of being thrown from the horse. To the contrary, one expert testified that an inexperienced rider such as Erin would not know the difference between appropriate and inappropriate movements to make while on the horse's back. A second expert testified that young Arabian stallions are unpredictable and that an inexperienced rider such as Erin would not know the risk of riding such a horse.

Because there was no showing that Erin either knew or appreciated the risk of riding the horse or that she had the requisite experience to voluntarily accept that risk, there was no evidentiary support for the assumption of the risk instruction. Because this instruction "could well have been read by the jury to inject the question of plaintiff's conduct as an issue bearing upon the question of liability," Sears v. McKee, 298 N.W.2d 521, 522 (S.D. 1980), giving the instruction was prejudicial error.

## B. Concurrent Negligence

Erin alleges that Ammerman attempted to demonstrate that Marlene Hallstrom was at least partly responsible for Erin's injuries. Accordingly, Erin contends that the court erred in refusing to give her requested instruction on concurrent negligence:

> More than one person may be responsible for causing injury to another. If you find that the defendant was negligent and that her negligence was a proximate cause of the accident involved herein, it is not a defense that some third person, not a party to this action, was or may have been partly responsible. Therefore, if you find the defendant was negligent, and that but for her negligence the accident would not have happened, she cannot

be relieved of any liability to the plaintiff by claiming that somebody else, not a party to this action, was in part at fault.

The district court ruled that the instruction was inapplicable because Marlene Hallstrom was in fact a party to the action. We conclude that the court did not err in so ruling.

The judgment is reversed, and the case is remanded to the district court for new trial.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-